**KURT M. JACHMANN CO., Inc.,**
Plaintiff,

v.

**MARINE OFFICE OF AMERICA, S. D.**
**McComb & Co., Inc., Owen C. Torrey,**
**Carl P. Kremer, George Inselman,**
**American Insurance Co., American**
**Eagle Fire Insurance Co., Continental**
**Insurance Co. of the City of New York,**
**Fidelity-Phoenix Fire Insurance Co.,**
**Firemen's Insurance Co., Glens Falls**
**Insurance Co., and Hanover Fire Insur-**
**ance Co., Defendants.**

United States District Court,
S. D. New York.

Feb. 10, 1955.

See also, D.C., 16 F.R.D. 381.

Joseph S. Meadow, and M. K. & R. Josephson, New York City, for plaintiff.

Bigham, Englar, Jones & Houston, New York City, for defendants.

BICKS, District Judge.

On August 17, 1954, an order was made directing plaintiff to answer interrogatories within ninety days after service of a copy thereof. Said ninety day period expired on November 24, 1954. On December 17, 1954 plaintiff served a document denominated by it "Answers to Certain Interrogatories". It appears therefrom that interrogatories numbered 1b, c, d, f, and g; 2a, b, c, d, e, f, g, h, i, j, k, l, and m; 5a, b, d and e; 11; 12; 13a, b and d; 14 and 15, were not answered. The answers to interrogatories numbered 4c, 7a, 8a, 9a and 9b defendants contend are evasive and not complete.

The fair intendment of interrogatory 4c calls for all instances of coercion. If the plaintiff knows of no instances other than those set forth in its answer to said interrogatory, it should so state under oath. Similarly interrogatory numbered 8a calls for all alleged false reports and not "one such report". If the plaintiff knows of no other reports it should so state under oath.

With respect to interrogatories 7a and 9, if the plaintiff does not have the necessary information to make full, fair and specific answer thereto it should (a) so state under oath, and (b) state that the answers reflect all the information now in its possession. Mere general conclusory averments such as are contained in the purported answer to interrogatory number 9, while perhaps sufficient for the purpose of a pleading, are not a substitute for a response to the specific queries propounded in said interrogatory.

Motion granted with leave to plaintiff to comply with the terms of the order to be entered hereon, on or before April 1, 1955. Absent such compliance the sanctions authorized by Rule 37, Fed.Rules Civ.Proc. 28 U.S.C.A. will be imposed. Settle order on notice.