**HARLEM RIVER CONSUMERS COOPERATIVE, INC.**

v.

**ASSOCIATED GROCERS OF HARLEM, INC., et al., Defendants.**

**No. 70 Civ. 4123.**

United States District Court, S. D. New York.

Oct. 9, 1974.

Cora T. Walker, New York City, for plaintiff.

Joseph Zuckerman, Rosenman, Colin, Kaye, Petschek & Emil, New York City,

for defendant Retail, Wholesale & Chain Store Food Employees Union, Local 338, and Liaison Counsel for defendants.

Harold Unterberg, Unterberg, Bandler & Goldstein, New York City, for defendant Associated Food Stores, Inc. and acting lead counsel for defendant Distributors/Suppliers.

Francis Carling, Sullivan & Cromwell, New York City, for defendant Sealtest Food, Inc. and lead counsel for defendant Manufacturers.

Bernard J. Bonn, III, Debevoise, Plimpton, Lyons & Gates, New York City, for defendant Hobart Manufacturing Co. and lead counsel for Service defendants.

John F. McClatchey, Cleveland, Ohio, Member of the Ohio Bar, for defendant Hobart Manufacturing Co.

## OPINION AND ORDER

PIERCE, District Judge.

This case is before the Court today for a decision on the question of whether sanctions should be imposed against plaintiff, Harlem River Consumers Cooperative, for failure to comply with orders to provide discovery to the defendants in this action.

Counsel have discussed the background of the case and there is no need to relate it in detail. Briefly, however, the events leading up to this hearing are as follows:

The case was referred to Magistrate Sol Schreiber to act as the judicial officer supervising the discovery of the parties. As part of the discovery process, in April of 1973 the defendants served their first interrogatories on the plaintiff. In August 1973 plaintiff supplied its answers. The defendants considered the answers unsatisfactory and in March of 1974, some of them moved formally under Rule 37(a) of the Federal Rules of Civil Procedure (FRCP) to compel plaintiff to give specific and responsive answers to the interrogatories. On March 22, 1974, at a pre-trial hearing on this motion, the Magistrate directed the plaintiff to provide specific answers to all defendants. However, at subsequent pre-trial hearings, during July, 1974, the various defendants raised numerous other objections to plaintiff's responses to the initial interrogatories. Therefore, under the direction of the Magistrate and with the approval of this Court, it was agreed that four supplemental interrogatories dealing with the issues of conspiracy and damages would be served. Each defendant served the same four interrogatories on the plaintiff and the Magistrate again ordered the plaintiff to file specific answers, directing that if plaintiff did not have the information sought it was to say so.

Plaintiff served its answers to the supplemental interrogatories in early September, 1974. Again, the defendants considered them to be unsatisfactory. Many filed objections requesting that plaintiff be directed to respond specifically or be faced with sanctions. The Magistrate held a final hearing on this question on September 13, 1974. There, he ruled that plaintiff had not provided responsive and specific answers. Specifically, the Magistrate stated, "It is my judgment [that] despite the huge number of pages you [the plaintiff] have filed with this Court, they are not responsive to the interrogatories. Not in any manner are they responsive." The defendants then moved this Court for an order imposing sanctions on the plaintiff for failure to obey orders to provide more detailed and specific discovery. This is the context of the present hearing.

■ The Court has now carefully considered the extensive submissions of the parties with respect to this motion and has heard counsel argue their opposing views at some length. In considering the question before it, the Court is mindful of the purposes of the discovery process. The notice pleading system, established by the Federal Rules of Civil Procedure, permits a plaintiff to file a

broadly worded complaint, charging defendants in very general terms with a variety of antitrust violations. Discovery serves to specify and frame the issues more concretely. Its aim is, "to focus the fundamental issues between the parties and to enable the parties to learn what the facts are and where they may be found before trial, to the end that the parties may prepare their case in the light of all the available facts." United States v. A. B. Dick Co., 7 F.R.D. 442 (N.D.Ohio 1947).

With these purposes in mind, the Court has reviewed the responses filed by the plaintiff to the four supplemental interrogatories of each defendant. The Court has not found any significant variation from one set of answers to another as to the depth, detail or quality of the responses. Therefore, a general characterization with a few specific examples will serve as an adequate basis for the Court's rulings today with respect to all defendants' motions.

The first interrogatory asked the plaintiff to separately identify each document concerning the participation of each defendant in any conspiracy. In response to this interrogatory, the plaintiff has submitted lists of documents which have variously included such things as the statement that "Plaintiff does rely upon all of its documents which have been indexed as general documents as to plaintiff's claim of defendants' concerted conspiracy. . . ." This "particular" answer alone, which occurs in some variant form in the responses to each defendant's interrogatories, refers to an index of over 250 documents. Other separate indices, incorporated in whole or part in each response, refer to dozens and, in at least one case, literally hundreds of separate documents. For instance, plaintiff's NLRB File contains over twenty-five volumes of transcript from NLRB hearings. Plaintiff cites this material as showing the defendants' participation in a conspiracy. Yet, no indication is given to each defendant as to which part, if any, of these transcripts and other documents refer to it in particular. In fact, none of the responses contain any page references at all.

In the face of these blanket inclusions of all indexed documents, the fact that plaintiff has also specified particular documents within the index is meaningless. Were the Court to permit this answer to stand, it would make a travesty of the discovery process. Plaintiff has in essence told the defendants that if they wish, they may hunt through all its documents and find the information they seek for themselves. This amounts to nothing more than a gigantic "do it yourself" kit. See Life Music, Inc. v. Broadcast Music, Inc., 41 F.R.D. 16 (S. D.N.Y.1966).

Likewise, plaintiff purports to rely on "all documents and records that prior to the time of trial of this matter will have been filed and duly docketed as part of the Court records." By this means, plaintiff makes a completely undifferentiated reference to several file drawers full of material, with more certainly to come. If the reference is to be taken seriously, the Court is asked to believe that these materials, including notices of depositions, lengthy affidavits by the plaintiff addressed to various motions, rulings by the Court on matters such as plaintiff's motion for a preliminary injunction, and rulings by the Magistrate on discovery problems are addressed, individually and specifically, to the participation of each defendant in the alleged conspiracy. The Court finds it impossible to believe such a claim could be made in good faith.

For another example, in response to numerous defendants, plaintiff has cited, as a document, the entire trial transcript in the criminal case United States v. Linwood Joseph Overton, 70 Cr. 1032 (S.D.N.Y.), despite repeated instructions from the Magistrate that such was not a proper document on which to rely and the fact that many of the defend-

ants here were not parties to that suit. Plaintiff has failed or refused to identify specifically the pages or the testimony on which it intends to rely as to each defendant.

■ The foregoing is not a complete index of all the plaintiff's responses to interrogatory 1. However, the Court is satisfied from its study of the documents that it is representative of the problems which abound in these answers. A broad statement that the information sought is available from a mass of documents and that the documents are available for inspection simply is not a sufficient response to satisfy the aims of discovery. See *Budget Rent-a-Car of Missouri, Inc.* v. *Hertz Corp.,* 55 F.R.D. 354 (W.D.Mo.1972). With respect to interrogatory 1, the plaintiff has failed to comply with the prior orders that it provide specific and responsive answers to the interrogatories.

Interrogatories 2 and 3 ask for identification of each act performed by each defendant concerning any conspiracy in which it was involved and the facts upon which plaintiff will rely to support its claims of participation in any conspiracy. These two interrogatories may be considered together because the defendants' objections are really the same, that is, that the plaintiff has failed to give them the specific information—*names, dates, times, places,* and *documents*—which each requires to know precisely what it is charged with having done.

The Court has reviewed plaintiff's responses to these interrogatories. Taken as a whole, and almost without exception, they represent, not the detailed specificity required in the discovery process, but the type of general allegations appropriate in a pleading. For instance, in one answer plaintiff states:

"core" defendant AGH, acting with other named persons, "restrained trade and free and open competition in the retail food industry in Harlem."

or that,

defendants Local 338, Ward, Simplex, Lorenz and Jack "did participate in a plan and scheme which does threaten to be an attempt to monopolize, encourage monopolization and to monopolize the retail food industry in the Harlem target area"

and that,

defendant Sloan's and the other competitor defendants "by common scheme and plan undertook a course of conduct which enticed away many of Plaintiff's trained employees, knowledgeable as to Plaintiff's business and did thereby disrupt the operation of Plaintiff's business and cause it severe harm and damage."

■ Such statements can be found on virtually any page of plaintiff's answers to the interrogatories of each defendant. They are inadequate to meet the plaintiff's obligations in the discovery process. "[D]efendants are entitled to know with some degree of precision what the factual content of the charges made against them is. . . ." *Bowen* v. *The News,* 1969 CCH Trade Cases ¶ 72,768 (S.D.N.Y.1969). If plaintiff knows of no further information it is required to so state. If it can only answer partially it should state that its answers reflect all the information it has. See *Kurt M. Jachmann Co., Inc.* v. *Marine Office of America,* 17 F.R.D. 41, 42 (S.D.N.Y.1955). These principles have been stated repeatedly in the Magistrate's orders. They have not been followed by the plaintiff in making its responses. Plaintiff has been particularly remiss in failing to state explicitly in its answers that the information provided is all that it has.

Defendants' supplemental interrogatory 4 asks plaintiff to set forth particular information regarding each item of damage suffered, including the dollar amount with respect to each defendant. The Court notes immediately that plaintiff's responses to this interrogatory are

identical to all the defendants, that in none of the responses did plaintiff set out the detailed specific information sought, and that no attempt was made to allocate the damages among the defendants. Even the blanket statements which were made are so broadly and generally phrased that it is impossible for the Court or the defendants to determine what they mean. Again, a few examples will be illustrative of the general quality of the responses. It is alleged that plaintiff has suffered:

"$673,306 damages due to additional expenses of doing business in a more expensive manner, which it was compelled to do . . . ."

"$800,000 as damages resulting from the losses from the expenditures for the cost of Consultant training employees, who were enticed away from plaintiff's employment, and the deprivation of plaintiff's business."

$22 million as damages due to loss of income from investment in human capital investment to its member stockholders, and thereby income to Plaintiff from them resulting from their being deprived of the on-the-job training opportunities, Plaintiff has established, to provide within the Harlem community"

Where a plaintiff has made allegations in a complaint of loss of income in its business because of wrongful conduct of a defendant, it must be assumed that the plaintiff is in a position to furnish details. See Carter v. Atlanta Enterprises, 19 F.R.D. 362 (N.D.Ga.1956). Plaintiff here has failed to supply those details.

In *dismissing* a private antitrust suit for failure to answer interrogatories on damages, one court has stated:

"[U]nless there is complete disclosure by the plaintiffs of all responsive and relevant information bearing on certain essential interrogatories pertaining to damages, the defendants will be afforded no opportunity to prepare their defense, particularly when one of the key elements of that defense will be predicated upon negating or reducing the type and amount of damages which plaintiffs contend are directly attributable to the conduct of the defendants. . . . Effective discovery is exceedingly vital so that defendants are enabled to prepare their cases before trial as opposed to being required to wait until the actual trial before the weaknesses or the strengths of the opponents' cases become known and are made apparent.

"Courts today do not condone the 'surprise' approach to discovery whereby at the latest possible moment the parties reveal the substance of their cases. If the discovery process is abused or allowed to be frustrated by the parties, then the entire pretrial procedures and the discovery provisions of the Federal Rules of Civil Procedure can be turned into a mockery." Professional Hockey Antitrust Litigation, 63 F.R.D. 641 (E.D.Pa.1974).

The Court finds that likewise, here, despite the repeated directions of the Magistrate that this information must be specifically provided, the plaintiff has failed to furnish critical information on the question of damages to the defendants in this case. The answers have simply not been adequately responsive to the questions.

■ In sum, the Court is forced to conclude that plaintiff's answers to the defendants' four supplemental interrogatories suffer from such serious defects that they cannot be deemed compliance with the earlier orders to the plaintiff to provide specific discovery. The answers are overbroad in that they set out literally volumes of undifferentiated material. At the same time, they provide far too few specific facts to which the defendants can prepare a response for trial.

Plaintiff has argued, in response to these motions, that if its answers to the

supplemental interrogatories are found to be inadequate in any degree, the fault lies with the form of the interrogatories themselves. Plaintiff objects that the definitions and instructions preceding the interrogatories require such detail that they become overbroad and burdensome. Plaintiff also claims the interrogatories have been miswritten. In particular, plaintiff points out that interrogatory 3 calls for each fact on which plaintiff will rely and argues that its answers must be adequate because no one can tell it what facts it must rely on.

The Court notes that these objections are raised for the first time in this proceeding. Rule 33(a) FRCP requires a party to object to an interrogatory within 30 days, although the Court may extend that time. Further, the filing of an answer to an interrogatory has often been deemed a waiver of the right to object. See, e. g., Skelton & Co. v. Goldsmith, 49 F.R.D. 128, 130 (S.D.N.Y. 1969) ; Riley v. United Air Lines, Inc., 32 F.R.D. 230 (S.D.N.Y.1962).

■ Even if the Court were to ignore all this and consider plaintiff's objections as timely raised, it would find them to be without merit. While it is true that in some instances the addition of definitions and instructions may make interrogatories unduly burdensome, see Diversified Products Corp. v. Sports Center Co., 42 F.R.D. 3 (D.Md. 1967), the unusual context of these interrogatories must be remembered. To facilitate discovery here and in an effort to advance this case toward an early trial date, it was agreed that each defendant would submit only four interrogatories on the questions of conspiracy and damages. In light of this extraordinary limitation on the defendants' discovery, the Court finds the definitions and instructions—which were considered and approved by the Magistrate at meetings attended by all counsel

—to be entirely within the proper scope of discovery.

"[A] relatively large degree of complexity and a certain amount of burdensome labor must be expected; and where the plaintiffs are simply being asked to specify and illuminate the very claims which they have raised in their complaint, they must accept that burden." Bowen v. The News, *supra,* at 86, 766.

■ As to the plaintiff's second point, the Court cannot and will not contest the plaintiff's position that no one can force plaintiff to rely on any other facts in this case than those on which it chooses to rely. However, this cannot be used as a device to withhold information. Plaintiff's duty is to state the facts it will rely on and if it does not have any further information to say so.

Having found that plaintiff's answers to the defendant's interrogatories are not in conformity with the Magistrate's continued orders that more detail must be supplied, the Court must consider the appropriate sanctions to be imposed.

■ The defendants have requested various relief, but most of them have strongly urged striking the complaint or dismissing the action. Such a result would certainly not be unprecedented. See Professional Hockey Antitrust Litigation, *supra.* In fact, it could well be argued that such a remedy is peculiarly appropriate in a complex, multi-party suit where effective discovery is essential to narrow the issues and make the case a more manageable one for trial.

Rule 37(b)(2) FRCP, however, authorizes the Court "[to] make such orders in regard to failure [to obey an order] as are just . . . ." Less than two weeks ago, the United States Court of Appeals for the Second Circuit found that, under some circumstances, imposition of "the harsh sanction of dismissal of a complaint" under Rule 37 may actually be an abuse of judicial discretion in the absence of a clear showing of

willfullness in the refusal to obey. See Flaks v. Koegel, 504 F.2d 702 (2d Cir. 1974). Further, the Court is conscious of the important policy of fostering private antitrust litigation as a prime method of enforcing the public policies embodied in the antitrust laws. See Pitofsky, Arbitration and Antitrust Enforcement, 44 N.Y.U.L.Rev. 1073 (1969). On balance, the Court concludes that it would not be just, at this juncture, to impose a sanction terminating the plaintiff's right to seek relief before this Court.

Nevertheless, because the Court believes the shortcomings in the plaintiff's responses are serious, some serious sanction is called for. Therefore, the Court once again orders the plaintiff to provide, within 20 days, specific and detailed responses to the interrogatories put forth by the defendants. Plaintiff has stated in several places, particularly in the September 13, 1974 hearing before the Magistrate, that it cannot give any more than it has and that it has fully complied with the discovery. If this is plaintiff's position, it is directed to state specifically in response to the questions before us here that it has no more information than has been provided.

■ It has been stated by a judge of this Court that a party "may not be required by interrogatories to submit every item of evidence it will produce on trial." United States v. Renault, 27 F. R.D. 23 (S.D.N.Y.1960). This Court adheres to that position. However, as to any specific information sought by the defendants in these interrogatories which is not supplied by the plaintiff within 20 days of the entry of this order today, for the purposes of anticipated summary judgment motions to be made by the defendants, the plaintiff shall be deemed to have answered that it does not have such information.

I want to be very clear about just what this order means. With respect to interrogatory 1 seeking documents, the plaintiff is to identify individually the documents on which it will rely as to each defendant. References to all the documents in a particular index prepared by plaintiff are not compliance with this order. Nor will references to such aggregations of material as "all the documents filed or to be filed in this case, all the documents in defendant X's discovery file, all the exhibits marked at defendant Y's depositions", or any like response be accepted. Moreover, where a multi-page document is identified by the plaintiff, plaintiff is to specify that portion of the document on which it relies as to the particular defendant in question. The Court will not accept as responsive plaintiff's representation that it intends to rely on the totality of voluminous materials.

When and if motions for summary judgment are made in this case, any document and contents thereof not identified individually within the next 20 days by volume and page in accordance with this order, will not be considered by this Court.

As to interrogatories 2, 3, and 4, the plaintiff is once again directed to provide the specific names, dates, times, places, documents, and acts on which it will rely to show each defendant's participation in the conspiracy and the damage caused to the plaintiff thereby. If it knows the names of the persons who will testify about these things at trial it must say so. As to any particular information not supplied by plaintiff as of October 29, 1974, plaintiff's answer shall be deemed to be that plaintiff does not know, for the purposes of defendants' motions for summary judgment. It will not be sufficient to state, now or then, that the information sought is contained in a document incorporated by reference. The information sought must be specifically set forth.

The Court considers its order today to be self-executing. It does not anticipate

defendants making additional motions directed to this issue. As of October 29, 1974, the defendants will know precisely what information plaintiff possesses for the purpose of summary judgment motions. Moreover, the standards for plaintiff's answers announced in today's opinion apply with equal force to defendants' second set of interrogatories which have been served on the plaintiff.

■ The Court has considered the propriety of imposing other sanctions on the plaintiff, particularly the imposition of expenses and attorney's fees. However, circumstances exist in this case which might make an award of expenses unjust. The Court notes particularly that plaintiff is a non-profit corporation and that earlier testimony in this case (during the proceeding involving plaintiff's application for a preliminary injunction) gave strong indication of the uncertainty of its financial condition. Nevertheless, if circumstances develop which lead the Court to conclude that plaintiff is willfully and flagrantly flaunting the judicial process, it will not consider anything in its opinion today as barring the imposition on plaintiff of the expenses of this motion as well as any others which appear just and are in accordance with the law.

This hearing represents only one more instance of the efforts of this Court to advance this case—which is now more than four years old—through the pretrial stages and onto the trial calendar. I wish to be very clear that in the view of this Court, the present obstacle to setting this case down for trial is the plaintiff's failure to provide the defendants with the information they need and are entitled to have. The Court's order today is aimed at breaking the impasse which has developed in this litigation.

To this end, I am announcing a schedule for this case which I expect the parties to adhere to.

—Defendants are to examine plaintiff during the month of November under the supervision of Magistrate Schreiber. All discovery is to be completed by the end of November.

—Motions for summary judgment are to be made during the month of December and defendants are to make their motions through lead counsel as has been done with the present motions. Motions are to be submitted to the Court by December 10, 1974. Answering papers by December 20, 1974. And reply papers by December 30, 1974.

—The Court will hear oral argument on the motions for summary judgment on January 6, 1975 at 4:00 p. m. in Courtroom 501. In the event that decision is reserved on those motions, the Court will expect to announce its decision by January 20, 1975.

—Beginning immediately after the announcement of the Court's decision, the parties will begin to work with Magistrate Schreiber to prepare this case for trial in accordance with the provisions of the Manual for Complex and Multidistrict Litigation.

—The Court is setting this case for trial February 10, 1975.

The moving defendants' motions to impose sanctions on the plaintiff pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure are hereby granted. The sanctions imposed at this time are those detailed in this opinion. The plaintiff is specifically ordered to respond to all interrogatories of all defendants in accordance with the standards set forth in this opinion.

So ordered.