**Charles A. STANZIALE, Jr., as Trustee in Bankruptcy of John J. Tobler, Inc., a corporation, Bankrupt, Plaintiff,**

v.

**FIRST NATIONAL CITY BANK, Defendant.**

**No. 73 Civ. 3079 (VLB).**

United States District Court, S. D. New York.

May 6, 1977.

---

Shea Gould Climenko & Casey, New York City, for plaintiff.

Shearman & Sterling, New York City, for defendant.

BRODERICK, District Judge.

This is an action instituted in July of 1973 by the trustee of a bankrupt corporation, John J. Tobler, Inc., to set aside alleged fraudulent conveyances by the bankrupt to the defendant First National City Bank (hereinafter "FNCB"). The matter is before me on a motion by FNCB for an order pursuant to Rule 37, Fed.R.Civ.P., striking the · complaint and dismissing the action herein based on plaintiff's failure to answer interrogatories served upon him within a

timely manner. In addition to dismissal of the complaint, defendant seeks reimbursement by the plaintiff for reasonable expenses incurred in the preparation of this motion.

The interrogatories in issue (Interrogatories to Plaintiff, Set Number One) were served by the defendant upon the plaintiff on February 9, 1976. Thereafter, stipulations were periodically entered into between the parties extending the time for the plaintiff to answer the interrogatories until the last extension expired on May 25, 1976. After a pre-trial conference on May 27, 1976, before Judge Charles S. Haight, Jr. an order was entered requiring the plaintiff to file and serve his answers to the interrogatories "not later than July 26, 1976." No answers were served by the plaintiff upon the defendant until August 19, 1976, six days after defendant FNCB served its notice of motion herein.

The defendant contends that the plaintiff's failure to serve the interrogatories upon the defendant within the time prescribed by Judge Haight's order warrants dismissal of the complaint. Defendant points out that plaintiff was placed on notice at the pre-trial conference before Judge Haight that no further extensions of time to answer the interrogatories would be granted and that the Court would entertain a motion to dismiss the complaint if plaintiff failed to answer the interrogatories by that date. Plaintiff's counsel, according to defendant, informed the Court that the sixty-day extension granted would be more than sufficient time for plaintiff to complete and serve his answers. Defendant asserts that there can be no excuse for plaintiff's failure to comply in a timely manner with the order of the Court. Further, defendant submits that even though the interrogatories were finally answered, the responses are insufficient.[1]

---

1. Defendant also asserts that plaintiff's delay in answering these interrogatories is yet another example of plaintiff's total lack of diligence in prosecuting this action. Plaintiff disagrees, and urges that if the Court considers this as a factor, it should also consider the delay attrib-

utable to the defendant. Delay is a factor to be considered on this type of motion, *see Atlantic Cape Fisheries v. Hartford Fire Ins. Co.,* 509 F.2d 577 (1st Cir. 1975), but I do not consider it dispositive in this matter.

In response, plaintiff's attorney asserts that when he represented to the Court that he would be able to complete the interrogatories by July 26, 1976, he overlooked the fact that during the interim he would have to attend Army Reserve Camp. Plaintiff insists that his interrogatory answers are sufficient and urges that in filing the answers to the interrogatories, plaintiff has also produced numerous documents which are referred to in his answers, and which were not previously noticed for production by the defendant, thereby avoiding the additional expenditure of time required if the defendant wished to obtain such documents by way of a notice to produce. Finally, plaintiff argues that no prejudice has inured to the defendant by the delay and that plaintiff's meritorious claims should not be dismissed without a full exploration of the issues.

Rule 37(b)(2), Fed.R.Civ.P., pertains to the imposition of sanctions where a party fails to obey an order of the court providing for or permitting discovery. Generally, Rule 37(b)(2) confers upon the Court the power to make such orders in regard to the failure as are just. More specifically, subdivision (C) of Rule 37(b)(2) empowers the Court to grant "an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

■ Thus authority exists to grant the drastic relief of dismissal requested by the defendant. See *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). The imposition of such a remedy, however, is within the broad discretion of the Court and must be based on an analysis of the full record of the case. *Diapulse Corp. of America v. Curtis Publishing Co.*, 374 F.2d 442, 447 (2d Cir. 1967); *Krieger v. Texaco, Inc.*, 373 F.Supp. 108, 111 (W.D.N.Y.1973). One factor relevant to determination of whether dismissal of the complaint is warranted is the wilfulness characterizing the conduct of the defaulting party.[2]

■ Affidavits submitted in opposition to defendant's motion by the trustee in bankruptcy and the New Jersey law firm which represents the trustee indicate that both were diligent in reviewing the answers to the interrogatories, but that neither had been informed by special counsel of the time requirements imposed by the Court. Given these undisputed facts, the failure to adhere to the Court's prior order cannot be characterized as wilfulness on the part of plaintiff.[3] Cf. *T.W.A. v. Hughes*, 449 F.2d 51, 58 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973), wherein the Court held that a default judgment was justified by defendant's "deliberate, knowing, wilful and plainly announced refusal to comply with an order requiring his appearance."

I do not consider any possible shortcomings in the plaintiff's responses to defendant's interrogatories to be serious enough to warrant the imposition of such a drastic sanction.[4] See *Harlem River Consumers Cooperative, Inc. v. Associated Grocers of Harlem Inc.*, 64 F.R.D. 459, 466 (S.D.N.Y. 1974).

---

**2.** Although a finding of wilfulness as a predicate to the imposition of sanctions is no longer necessary under the Rules, it is still required where the harsh sanction of dismissal is ordered. *Flaks v. Koegel*, 504 F.2d 702 (2d Cir. 1974).

**3.** The fact that plaintiff is trustee of a bankrupt estate is a special circumstance that should also be considered. Cf. *Harlem River Consumers Cooperative Inc. v. Associated Grocers of Harlem Inc.*, 64 F.R.D. 459 (S.D.N.Y.1974) (involving propriety of imposing sanctions on a non-profit corporation).

**4.** In support of its contention that the interrogatory answers submitted are insufficient, defendant points to interrogatories numbered 9, 10 and 11 which it contends are not supported by a sufficient factual basis, and to the fact that in lieu of answering several of the interrogatories, plaintiff merely provided the defendant with unindexed documents, many of which, contrary to the provisions of Rule 33, were not business records but transcripts and documents previously produced by the defendant.

Plaintiff asserts in response that the answers to interrogatories numbered 9, 10 and 11 incorporate by reference the answers to other num-

■ In sum, it is my judgment that justice would not be served by the granting of the defendant's motion for dismissal.

Defendant's request for the imposition of costs and attorneys' fees must, however, be more favorably regarded. Again, Rule 37(b)(2) is the focal point. Among other sanctions, it authorizes the Court to require the offending party, or his counsel, or both, to pay the expenses caused by failure to comply with the order:

> In lieu of any of the foregoing orders or in addition thereto, the court *shall* require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, *unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.* (Emphasis added).

Under this rule the imposition of reasonable expenses is mandatory, unless the record establishes either that the failure to obey the Court order was substantially justified or that other circumstances make an award of expenses unjust.

Although the failure of the plaintiff to respond to Judge Haight's order could not be characterized as wilful, it was certainly not "substantially justified." Indeed, there was no attempt by plaintiff's attorney to inform the Court, prior to the deadline imposed, of his inability to meet the deadline set in the order.

An award of expenses against the plaintiff, a trustee, would be unfair in light of the bankrupt corporation's limited financial assets, *see Harlem River Consumers Corp. v. Associated Grocers of Harlem, supra,* and the trustee's ignorance of the date upon which the interrogatory answers were due. To require special counsel for the plaintiff to pay reasonable expenses caused by failure to obey the order would entail no such unfairness. As noted above, neither the trustee nor the trustee's New Jersey counsel was informed by special counsel of the time requirements imposed. Since it was the duty of special counsel to convey such information to the plaintiff, and his duty as an officer of the Court to comply with the order of the Court, special counsel should bear the expenses of the motion brought by the defendant.

Defendant's motion to strike the complaint and dismiss this action is denied. Reasonable expenses in the amount of $750, as substantiated by the affidavit submitted by defendant's counsel, are hereby imposed upon special counsel to the plaintiff.[5]

A pre-trial conference is scheduled for May 27, 1977, at 10 a. m. in Courtroom 36, United States Courthouse, to resolve disagreements on the sufficiency of the answers to the interrogatories.

SO ORDERED.

---

bered interrogatories which list the documents containing the information requested, and, in addition, that the documents supplied are in conformity with defendant's request as set forth in its interrogatories. Further, plaintiff emphasizes that since as a trustee he has no personal knowledge of the events in issue, his knowledge can only be obtained from transcripts and other similar documents.

Defendant argues that the trustee's response to interrogatories numbered 8(a) and (b) are unresponsive: plaintiff objects to these interrogatories on the ground that the information requested therein is available to the defendant in the Bankruptcy Court in New Jersey.

All of these relatively minor disagreements can be resolved at a pre-trial conference to be scheduled shortly after the date of this decision.

5. This Court is conscious of the possible need for a hearing on a motion to dismiss where there is either a material question of fact on the issue of wilfulness, *see Flaks v. Koegel, supra,* at 712, or an extremely high monetary penalty imposed, *McFarland v. Gregory,* 425 F.2d 443 (2d Cir. 1970). No hearing is necessary where neither factor is present. *Cf. Charron v. Meaux,* 66 F.R.D. 64, 68 (S.D.N.Y.1975) (Owen, J.).