Guy Valerie BOSWORTH

v.

RECORD DATA OF MARYLAND, INC.

Civ. No. K–81–2664.

United States District Court, D. Maryland.

May 29, 1984.

Norris C. Ramsey, Baltimore, Md., for plaintiff.

Barton J. Craig, Cleveland, Ohio, and Richard A. Magid, Baltimore, Md., for defendant.

FRANK A. KAUFMAN, Chief Judge.

A jury trial was held in this case on February 21, 1984; on February 24, 1984, the jury returned a verdict for the defendant. A Judgment Order was thereafter entered for defendant on February 24, 1984 pursuant to Federal Civil Rule 54(b) (Docket 46). Following that Order, the only issue outstanding in this case is whether sanctions sought by defendant, specifically, attorney's fees and costs, should be awarded against plaintiff under Federal Civil Rule 37(d)[1] because of plaintiff's failure to appear for an appropriately noticed deposition on July 19, 1983.

The relevant facts are not in dispute. On June 22, 1983, Richard J. Magid, Esq., counsel for defendant, filed a notice to depose plaintiff at the law office of counsel for defendant, Whiteford, Taylor, Preston, Trimble & Johnston, located at 25 South Charles Street, Baltimore, Maryland 21201, on July 18, 1983 at 10:30 a.m. Pursuant to the request of plaintiff's counsel, Norris C. Ramsey, Esq., an Amended Notice to Take Deposition was filed on June 27, 1983, pursuant to which plaintiff's deposition was rescheduled for July 19, 1983 at 10:00 a.m. at the said law office. House counsel for defendant, Barton J. Craig, Esq., flew from the corporate headquarters of defendant in Cincinnati, Ohio to Baltimore, Maryland for the sole purpose of attending the said deposition. At 10:00 a.m. on July 19, 1983, counsel for defendant, including Messrs. Magid and Craig, were present at the Whiteford, Taylor office with a court re-

porter, prepared to proceed with the deposition of plaintiff. Neither plaintiff's counsel nor plaintiff was present. However, at approximately 10:30 a.m., Mr. Ramsey telephoned Mr. Magid and informed Mr. Magid that he (Mr. Ramsey) was trying to locate his client, plaintiff. Mr. Ramsey further stated that he had made arrangements to meet plaintiff at his own law office shortly before 10:00 a.m. in order for them to be on hand at the Whiteford, Taylor office at 10:00 a.m. At approximately 11:10 a.m., plaintiff's counsel arrived at the Whiteford, Taylor office and stated that he had not been able to locate plaintiff. Accordingly, the deposition did not proceed on that date and defendant's house counsel, Mr. Craig, returned to Cincinnati from Baltimore. The total of Mr. Craig's expenses for that trip, plus payment for his time and payment for time spent in preparing a motion for sanctions was $1,280.00.

Subsequently, counsel for defendant filed a Motion to Dismiss and/or to Award Sanctions (Docket 30) on July 22, 1983. Plaintiff's counsel filed a memorandum in opposition thereto on August 16, 1983 (Docket 31). Further, plaintiff submitted an affidavit to the Court on September 23, 1983 (Docket 35). In her affidavit, plaintiff averred, *inter alia*, that she failed to attend the July 19, 1983 deposition because she had been working as a nursing assistant at the North Charles General Hospital in Baltimore, Maryland, attending a critically ill patient.

On September 30, 1983, a hearing was held in open Court to consider defendant's Motion to Dismiss and/or to Award Sanctions. During that proceeding, this Court found that there was no sufficient reason why plaintiff should not have been present at the deposition on July 19, 1983 at 10:00

---

**1.** Federal Civil Rule 37(d) provides in pertinent part:

**Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.** If a party ... fails ... to appear before the officer who is to take his deposition after being served with a proper notice ..., the court in which the action is pending on motion may

make such orders in regard to the failure as are just .... In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

a.m. and that plaintiff could have made any necessary arrangements with her hospital employer well in advance of July 19, 1983 to attend the scheduled deposition. In so finding, this Court noted that plaintiff made no attempt to call her counsel, Mr. Ramsey, on July 19, 1983 to inform him of her whereabouts, and concluded that plaintiff's conduct was inexcusable. Accordingly, this Court determined that it expected to grant defendant's motion for attorney's fees and expenses pursuant to Federal Civil Rule 37(d), but that it would delay final determination in that regard until the conclusion of trial.

Plaintiff, in addition to claiming that she had provided adequate reason for not being present at the deposition on July 19, 1983, maintains that her financial indigency as of this date should cause this Court not to grant the defendant's pending motion for sanctions. Plaintiff, who was a class representative in litigation involving the Baltimore City Police Department, namely, *Vanguard Justice Society, Inc. v. Hughes,* 471 F.Supp. 670 (D.Md.1979), obtained in 1980 a judgment award in that case of approximately $70,000. Thereafter, according to plaintiff's testimony during the jury trial of the within case, plaintiff journeyed to California and, upon her return to Baltimore, purchased a home. Plaintiff, in sum, states that she expended all of the funds she received from the 1980 judgment award. Plaintiff's counsel has also submitted, in appropriate affidavit form, uncontroverted financial information concerning plaintiff which discloses that she presently has liabilities of $43,128.49, including liability in connection with a federal tax lien of $10,560.40, a personal judgment against her of $4,268.49, and first and second mortgages on her residence in the total amount of $28,300. Additionally, plaintiff,

in a sworn affidavit dated March 23, 1984, states that she has no assets other than her home which is appraised at approximately $40,000. Plaintiff is employed at an annual salary of approximately $15,000 per annum. However, she states that her monthly expenses are just about equal to her monthly take-home pay. Under the circumstances, the question arises as to whether, despite this Court's finding that plaintiff had no justifiable reason for not appearing at the deposition on July 19, 1983, this Court should nonetheless not impose sanctions because of plaintiff's limited financial resources.

Sanctions pursuant to Federal Civil Rule 37(d) are mandatory and should be imposed by this Court "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." That rule places an obligation on the Court to impose sanctions unless there is affirmative reason for not so doing. *See* 8 C. Wright and J. Miller, Federal Practice and Procedure § 2291 at 820 (1970). The 1970 amendments to Rule 37 were designed to broaden the availability of fee and expense awards and were intended to require that "expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably ...." *See* Adv.Comm. Notes to the 1976 Amendments to Fed.R.Civ.P. 37, 48 F.R.D. 487, 540 (1970). In *Stanziale v. First National City Bank,* 74 F.R.D. 557, 560 (S.D.N.Y. 1977), Judge Broderick wrote of Federal Civil Rule 37(b)(2): [2]

Under this rule the imposition of reasonable expenses is mandatory, unless the record establishes either that the failure to obey the Court order was substantially justified or that other circumstances make an award of expenses unjust.

---

**2.** Subsections (b)(2), relating to sanctions for failure to obey a court's order in a pending case, and (a)(4), relating to sanctions when a motion to compel is granted, and (d), (*see* n. 1, *supra*), of Federal Civil Rule 37 all contain the same language regarding an award of attorney's fees and costs. Specifically, all subsections of Rule 37 provide that a party failing to meet his discovery obligations shall be required to pay "the

reasonable expenses," "including attorney's fees," unless the court finds that the failure "was substantially justified or that other circumstances make an award of expenses unjust." Professors Wright and Miller have observed that the provisions regarding an award of attorney's fees and expenses are to be interpreted identically under the three subsections. *See* 8 Wright & Miller, *supra,* at §§ 2289, 2291 at 792 and 780.

There are only a few published opinions dealing with the effect of a party's financial hardship in determining whether attorney's fees and expenses should be assessed against such party under Federal Civil Rule 37. In *Harlem River Consumers Cooperative, Inc. v. Associated Grocers of Harlem, Inc.*, 64 F.R.D. 459, 467 (S.D.N.Y. 1974), the Court refused to impose expenses and attorney's fees against plaintiff in an antitrust case because of plaintiff's failure to answer interrogatories pursuant to a magistrate's order in view of the fact that plaintiff was a nonprofit corporation with an uncertain financial condition. In *Harlem River*, societal needs, *i.e.*, the desire not to overburden or frustrate the activities of a nonprofit corporation, other than those of the plaintiff himself, were seemingly involved. Additionally, it is to be noted that in *Harlem River* the Court stated that if, in the future, plaintiff should willfully and flagrantly flaunt the judicial process, the Court would impose sanctions. *Id.* In *Stanziale v. First National City Bank, supra* at 560, the Court did not impose costs and attorney's fees against a party who was in bankruptcy and had limited financial assets, apparently because of the interests of creditors and perhaps others. However, in *Stanziale*, the Court did impose sanctions against the bankrupt corporation's counsel. *Id.* In *EEOC v. Otto*, 75 F.R.D. 624, 23 F.R.S.2d Cases 185 (D.Md.1976), Judge Murray of this Court considered defendant's financial resources as one of several factors in concluding that an award of expenses was not appropriate.

A flat per se policy against the imposition of sanctions under Federal Civil Rule 37 upon any party who is financially indigent does not accord with the purposes of that rule and would open the door to many possible abuses. Further, insofar as this case is concerned, plaintiff's failure to appear for her deposition was not only totally unjustified, but did not represent the first failure by plaintiff to discharge her obligations as a party in this case. During an earlier period of discovery, specifically on April 21, 1982, neither plaintiff nor her attorney appeared for a duly scheduled hearing before this Court. Further, on May 2, 1983, neither plaintiff nor her counsel attended a scheduled deposition. On a balancing basis, and in the spirit of giving plaintiff another chance, this Court did not impose sanctions, as defendant requested, in connection with that latter occurrence. Moreover, it must be noted that during this litigation, plaintiff repeatedly failed to produce documents and to answer fully interrogatories propounded to her by defendant's counsel.

While there may well be situations in which financial indigency will tilt against the imposition of Rule 37 sanctions, this is not such a case. In this instance, there is no reason not to impose, and every reason to impose, the sanctions sought by defendant. Accordingly, plaintiff will be required to pay to defendant's counsel, Barton J. Craig, Esq., $1,280.00 to reimburse him for his aforesaid time and expenses. An Order to that effect is today being entered by this Court.