STANDARD FIRE INSURANCE
COMPANY, Appellant,

v.

Kenneth Ray BARNARD, Appellee.

No. 5707.

Court of Civil Appeals of Texas,
Waco.

July 7, 1977.

C. Edward Fowler, Jr., and G. David
Westfall, Bailey, Williams, Westfall, Lee &
Fowler, Dallas, for appellant.

Don B. Hinds, Yarborough, Hinds & Shahan, Dallas, for appellee.

OPINION

JAMES, Justice.

This is a workmen's compensation case. Trial by jury resulted in a jury verdict and judgment in favor of Appellee Kenneth Ray Barnard for total and permanent benefits, from which Appellant Standard Fire Insurance Company appeals. We affirm.

The jury made the following findings in answer to special issues pertinent to this appeal, to wit:

(1) Plaintiff received an injury on or about May 26, 1974; (2) in the course of his employment; (3) which was a producing cause of total incapacity; (3A) beginning May 26, 1974; (3B) which was permanent. The trial court entered judgment in favor of Plaintiff-Appellee Barnard against Defendant-Appellant Insurance Company pursuant to and in harmony with the jury verdict.

Appellant Insurance Company appeals on ten points of error which may be divided into two categories as follows:

(1) Points one through seven inclusive complain of the failure of the court to suppress the testimony of Dr. Ross Carmichael, a Plaintiff's witness who testified Plaintiff was totally and permanently disabled.

(2) Points eight through ten inclusive complain of assertedly inadmissible hearsay evidence which was first admitted and later withdrawn from the jury's consideration by the trial court.

We revert to Appellant's points one through seven inclusive. On the date trial commenced, August 23, 1976, Defendant-Appellant filed a motion to suppress the

testimony of Dr. Ross Carmichael, a medical witness called by Plaintiff, claiming surprise brought about by Plaintiff's asserted violation of Rule 168, Texas Rules of Civil Procedure.

On March 10, 1976, Defendant submitted written interrogatories to Plaintiff, which were answered by Plaintiff on or about April 2, 1976. Number 21 of said interrogatories asked Plaintiff if he had been "examined and/or treated by a doctor or doctors since the date of the incident which is the subject matter of this lawsuit," and if so, to furnish the name, address, dates, and nature of treatment. In answer to this question, Plaintiff listed the names and addresses of four doctors, including Dr. R. M. Carmichael, and two hospitals.

Interrogatory Number 26 asked Plaintiff to list the names and addresses of "all experts which have consulted with you or your attorney about this case in any respect," to which Plaintiff answered "I have not had any consultations with anyone about this case."

Interrogatory Number 27 asked Plaintiff to "state the factual observations and opinions of the person or persons referred to in question 26 who will be called as a witness in this case," to which Plaintiff answered: "I do not know which expert witnesses my attorney plans to call and he has made no decision on this."

The trial court heard evidence on Defendant's Motion to Suppress Dr. Carmichael's testimony outside the presence and hearing of the jury, and overruled said motion. At this hearing, the Plaintiff-Appellee's lawyer testified that on June 4, 1976 (about 80 days prior to trial), he told the Defendant-Appellant's lawyer that he (Plaintiff-Appellee) intended to use Dr. Carmichael as a witness. The Defendant-Appellant's lawyer testified that Plaintiff-Appellee's lawyer did tell him "he intended to use a doctor," but denied that Plaintiff-Appellee's lawyer told him he was going to call Dr. Carmichael.

Appellant points to the following language in Rule 168:

"A party whose answers to interrogatories were complete when made is under no duty to supplement his answers to include information thereafter acquired, except as follows: (1) a party is under a duty seasonably to amend his answer if he obtains information upon the basis of which (a) he knows that the answer was incorrect when made, or (b) he knows that the answer though correct when made is no longer true and the circumstances are such that a failure to amend the answer is in substance a *knowing concealment*; . . . ." (emphasis supplied).

Appellant says when Appellee decided to use Dr. Carmichael as a witness, that at that time he owed the duty to amend his answers to the interrogatories so as to let Appellant know; and since Appellee failed to do this, Appellant was caught by surprise at the time of trial, and the trial court erred in refusing to suppress Dr. Carmichael's testimony.

■ We overrule this contention. In this state of the record, the trial court had the right to believe Plaintiff's lawyer's testimony to the effect that Defendant's lawyer was told eighty days prior to trial that Plaintiff intended to call Dr. Carmichael as a witness. The trial court in overruling the "Motion to Suppress" impliedly found that Defendant's lawyer had eighty days' notice of this fact, in which event Appellee's failure to amend his answers to interrogatories did not amount to a "knowing concealment," and in which event the Defendant was not surprised.

We express no opinion as to whether Plaintiff-Appellee under these circumstances should have amended his answers to the interrogatories in question. What we do hold is that the trial court resolved a conflict in the evidence against the Defendant-Appellant in the hearing on the motion to suppress, as said court had the right to do, which negated surprise on Defendant's part as well as negated a "knowing concealment" on Plaintiff's part. For these reasons, the trial court did not err in overruling the motion to suppress Dr. Carmichael's testimony, and Appellant's points one

through seven are overruled. See *Texas Employers Insurance Association v. Thomas* (San Antonio, Tex.Civ.App., 1974) 517 S.W.2d 832, NRE.

Appellant's points eight through ten inclusive deal with the problem wherein the trial court permitted Plaintiff Kenneth Ray Barnard to testify over a hearsay objection substantially as follows: "Dr. Casey Patterson told me, 'You have a bump, but we are not going to operate now,'" referring to an analysis of a myelogram which had previously been taken of the witness Barnard. Appellant asserts the admission of this testimony was calculated to cause and probably did cause an improper verdict, even though the trial court subsequently instructed the jury not to consider this evidence for any purpose. We overrule these points.

Plaintiff Barnard was sent by his employer to Dr. Williams on the day after his injury. Dr. Williams put Plaintiff in traction in the hospital and referred him to Dr. Casey Patterson who ran a myelogram on Plaintiff's back. Barnard was permitted to testify over a hearsay objection that Dr. Patterson told him, "You have got a bump, but we're not going to operate for what you have."

After Barnard completed his testimony there was a recess, immediately after which the trial court instructed the jury not to consider the purported statement of Dr. Patterson for any purpose. After Plaintiff-Appellee rested, Defendant-Appellant introduced testimony of Dr. Patterson from his deposition, in which Dr. Patterson testified that the myelogram was "perfectly normal except where there was a little bulge of the capsule at the lumbar 4/5 space." On subsequent occasions in his testimony, Dr. Patterson referred to this "bulge" or "central protrusion" in Plaintiff's spine.

■ We believe that the error, if any, on the part of the trial court in admitting the testimony in question was harmless. Rule 434, Texas Rules of Civil Procedure. Moreover, since Appellant introduced similar evidence by its own witness Dr. Patterson, Appellant could not complain of the Plaintiff Barnard's testimony in question. See *City of Houston v. Howe and Wise* (Houston, 1st Tex.Civ.App.1959) 323 S.W.2d 134, 138, NRE. Appellant's points eight through ten inclusive are overruled.

Finding no reversible error, judgment of the trial court is affirmed.

AFFIRMED.