84 Cal.App.3d 771 (1978)
149 Cal. Rptr. 499
RICHARD N. DEYO, Plaintiff and Respondent,
v.
KENNETH B. KILBOURNE, Defendant and Appellant.
Docket No. 53641.
Court of Appeals of California, Second District, Division Two.
June 21, 1978.
*777 COUNSEL
Pell & Phillips and Dana W. Phillips for Defendant and Appellant.
Gregg B. Hughes for Plaintiff and Respondent.
OPINION
THE COURT.[*]
The Appellate Department of the Superior Court of the State of California for the County of Santa Barbara having certified its opinion for publication, and this court having transferred the case pursuant to California Rules of Court, rule 62(a) and having set it for oral argument pursuant to rule 62(d), and the matter having been submitted, the Court of Appeal hereby adopts the opinion of the Appellate Department of the Superior Court of the State of California for the County of Santa Barbara as its own, in haec verba, as follows:
(1) (See fn. 1.) The trial court struck appellant's answer on the ground that he had failed to properly answer interrogatories. Appellant appeals from the default judgment.[1]

FACTS
In May 1976, Mr. Deyo, a lawyer, filed a complaint against Mr. Kilbourne, his former client, seeking to recover $1,411.87 (plus interest) for services rendered. Mr. Kilbourne filed an answer denying liability.
*778 On August 3, 1976, Mr. Deyo served Mr. Kilbourne with 39 interrogatories. Many of these interrogatories contained subparts.
Mr. Kilbourne was hospitalized for eight days in early July and was again hospitalized from July 25, 1976, to August 25, 1976. On August 13, 1976, Mrs. Kilbourne wrote Mr. Deyo to ask for an extension of time to answer. She said her husband was seriously ill and was hospitalized. Mr. Deyo wrote to advise that he would not agree to extend the time to November 1, 1976.
On September 21, 1976, Mr. Deyo wrote to advise that sanctions would be sought unless answer were filed within 15 days. Mrs. Kilbourne again wrote Mr. Deyo advising him that Mr. Kilbourne had again been hospitalized and would not be able to answer the interrogatories until his health improved.
Mr. Kilbourne was hospitalized from September 9, 1976, to September 28, 1976. During the time he was hospitalized on various occasions, he underwent a renal biopsy and was diagnosed as having a pulmonary embolism, cardiac decompensation, and jaundice (among others). In a letter dated September 27, 1976, his doctor indicated that Mr. Kilbourne would be "housebound" for an indefinite period of time.
In November 1976, Mr. Deyo moved to strike Mr. Kilbourne's answer for his failure to answer interrogatories. Visiting Judge Elconin denied the motion for sanctions, but directed Mr. Kilbourne to file answers by December 15, 1976, and ruled that his answer would be stricken if no answers were filed.
Answers to interrogatories were filed on December 15, 1976. Although there was some response to each question, and the answers did suggest that a dispute existed concerning the amount of fees, most of the answers were clearly not fully responsive to the questions propounded.
On January 14, 1977, Mr. Deyo filed a second motion for an order "Striking Answer and Entering Judgment for Plaintiff; for Order Requiring Further Response to Interrogatories; For Reasonable Expenses and Attorney Fees, etc."
The motion was heard before Judge Lodge on February 2, 1977. The minutes state: "Motion granted. Plaintiffs request for sanctions granted in sum of $300.00." On February 8, 1977, judgment was entered against *779 appellant for the amount prayed for, plus interest, costs, and $300 in attorney fees.
Mr. Kilbourne filed a motion for a new trial and finally decided to employ counsel. The supporting affidavits reviewed appellant's illness. His counsel indicated that appellant now realized the necessity of providing proper answers to the questions. The motion for a new trial was denied, and appellant filed a timely notice of appeal.

ISSUE
What sanctions are proper when a party fails to fully answer interrogatories?

DISCUSSION

1. Introduction.

Interrogatories expedite the resolution of lawsuits in a variety of ways. For instance, they provide an effective means of detecting false, fraudulent and sham claims and defenses which might otherwise be hidden behind evasive language in an adept pleading. If a claim or defense is sham, or there is no triable issue as to a particular fact, answers to interrogatories may be employed to support a motion for summary judgment or a motion to specify those issues which are without substantial controversy. (See Code Civ. Proc., § 437c; DeSuza v. Andersack (1976) 63 Cal. App.3d 694, 698 [133 Cal. Rptr. 920]; see e.g. Leasman v. Beech Aircraft Corp. (1975) 48 Cal. App.3d 372 [121 Cal. Rptr. 768].)[2]
Interrogatories also enable counsel to evaluate the reasonable value of claims and defenses thereby encouraging prompt settlements, Interrogatories also serve to facilitate preparation for trial by providing a means of securing evidence and evidentiary leads. Once counsel ascertains that certain facts are established, he can focus on other aspects of the lawsuit.
*780 (2) Answers to interrogatories are admissible at trial against the answering party.[3] Thus, they serve to prevent equivocation by the other party and tend to safeguard against surprise.[4]
While interrogatories serve useful purposes, they often are abused. Lengthy interrogatories suitable to major litigation, are often needlessly *781 used in small cases. Questions are often repetitious or wholly irrelevant.[5] While our discovery laws were designed to prevent trial by ambush, the most common cry from lawyers is that they are being "papered to death." The costs of storage alone are enormous. Indeed, while interrogatories facilitate the search for truth, the enormous expense of discovery tends to deter litigation by persons of moderate means.
Occasionally, overzealous counsel mistake the purpose of discovery. As one court wisely observed: "It is fundamental that the only objective of the pretrial discovery rules is to allow a party to obtain all of the facts relative to a claim or defense. Neither party may employ the discovery rules with the long-range objective of trapping the other party into the imposition of sanctions, especially the imposition of the most severe sanction  dismissal." (Garrity v. Kemper Motor Sales (1968) 280 Minn. 202, 207 [159 N.W.2d 103, 107].)
Since the issue of sanctions requires an understanding of the discovery process, we will briefly summarize pertinent rules.

2. Permissible Questions.

(3) Interrogatories relevant to the subject matter are permissible including questions which might possibly lead to the discovery of admissible evidence or information which would be helpful in preparing for the trial of a particular cause. (Sav-On Drugs, Inc. v. Superior Court, supra, 15 Cal.3d 1, 7, Pacific Tel. & Tel. v. Superior Court, supra, 2 Cal.3d 161, 172. See, generally, Louisell & Wally, Modern Cal. Discovery (2d ed. 1972) §§ 5.01-5.17; 2 DeMeo, Cal. Deposition and Discovery Practice (1975) § 9.01; Cal. Civil Discovery Practice (Cont.Ed.Bar 1975) ch. 8; *782 Powers, A Guide to Interrogatories in California Practice (1975) 48 So.Cal.L.Rev. 1221.)[6]
For instance, a person may be forced to disclose the identity and location of persons having knowledge of particular relevant facts, but may not be required to reveal the identity of nonexpert witness or to disclose the nature of their anticipated testimony. (City of Long Beach v. Superior Court (1976) 64 Cal. App.3d 65 [134 Cal. Rptr. 468].) However, once a party has decided to call an expert witness, he may be required to reveal his name, address, field of expertise, and to summarize his testimony. (Sanders v. Superior Court (1973) 34 Cal. App.3d 270 [109 Cal. Rptr. 770].)

3. Proper Answers[7]
"[I]nterrogatories shall be answered separately and fully ... under oath ... objections thereto may be stated by the party addressed in lieu of response." (Code Civ. Proc., § 2030, subd. (a); italics added.) (As amended in 1978.)
(4) Verification of the answers is in effect a declaration that the party has disclosed all information which is available to him. If only partial answers can be supplied, the answers should reveal all information then available to the party. If a person cannot furnish details, he should set forth the efforts made to secure the information. He cannot plead ignorance to information which can be obtained from sources under his control. (See Cal. Civil Discovery Practice, supra, § 8.48; 2 DeMeo, Cal. Deposition and Discovery Practice, supra, § 9.01(41); 4A Moore's Federal Practice, § 33.26; Milner v. National School of Health Technology *783 (E.D.Pa. 1977) 73 F.R.D. 628, 632; Harlem River Con. Co., Inc. v. Associated G. of Harlem, Inc. (S.D.N.Y. 1974) 64 F.R.D. 459, 463.)[8]
(5) Parties, like witnesses, are required to state the truth, the whole truth, and nothing but the truth in answering written interrogatories. (Hunter v. International Systems & Controls Corp. (W.D.Mo. 1972) 56 F.R.D. 617, 631.) Where the question is specific and explicit, an answer which supplies only a portion of the information sought is wholly insufficient. Likewise, a party may not provide deftly worded conclusionary answers designed to evade a series of explicit questions. (In re Professional Hockey Antitrust Litigation (E.D.Pa. 1974) 63 F.R.D. 641, 650-654.)[9]
A party may not deliberately misconstrue a question for the purpose of supplying an evasive answer. (Hunter v. International Systems & Controls Corp., supra, 56 F.R.D. 617, 625.) Indeed, where the question is somewhat ambiguous, but the nature of the information sought is apparent, the proper solution is to provide an appropriate response. (See Cal. Civil Discovery Practice, supra, § 8.54.)
A party cannot state, "not applicable" where the interrogatory is clearly applicable to him. (Philadelphia Hous. A. v. American Radiator & S. San. Corp. (E.D.Pa. 1970) 50 F.R.D. 13, 18.) Evasive answers such as, "I don't recall" are an open invitation to sanctions. (Stein v. Hassen (1973) 34 Cal. App.3d 294, 300, fn. 6 [109 Cal. Rptr. 321].) Indeed, where a manufacturer initially tried to evade questions by answering, "Not within knowledge of V.W. of A.," and then supplied partial answers, the court concluded that the initial disclaimers were false and made with knowledge of their falsity. (Bollard v. Volkswagen of America, Inc. (W.D.Mo. 1971) 56 F.R.D. 569, 571-575.)
Answers must be complete and responsive. Thus, it is not proper to answer by stating, "See my deposition," "See my pleading," or "See the *784 financial statement." Indeed, if a question does require the responding party to make reference to a pleading or document, the pleading or document should be identified and summarized so the answer is fully responsive to the question. (See Cal. Civil Discovery Practice, supra, § 8.55; 4A Moore's Federal Practice (2d ed. 1975) § 33.25[1], pp. 33-131 to 33-132; State Road Department v. Florida East Coast Ry. Co. (Fla.App. 1968) 212 So.2d 315, 317.) See also Annotation, Propriety of Answer to Interrogatory Merely Referring to Other Documents or Sources of Information, 96 A.L.R.2d 598.[10]
(6) When in order to answer an interrogatory, it is necessary to make a compilation, abstract, audit, or summary of business records of a party, and such compilation, abstract, audit, or summary does not exist or is not under the control of the party, it is a sufficient answer to so state and to specify the records from which the answer may be derived or ascertained and to afford the other party reasonable opportunity to examine, audit, or inspect such records and to make copies thereof, abstracts, or summaries therefrom. (Code Civ. Proc., § 2030, subd. (d).)
A party who makes recourse to this section declares that the information in the specified records is true, accurate, and complete, and that no other information is available to the answering party. (Kaiser Foundation Hospitals v. Superior Court (1969) 275 Cal. App.2d 801, 805 [80 Cal. Rptr. 263].)
This exception applies only if the summary is not available and the party specifies the records from which the information can be ascertained.[11] A broad statement that the information is available from a mass of documents is insufficient. (See Cal. Civil Discovery Practice, supra, § 8.49; Daiflon, Inc. v. Allied Chemical Corp., supra, 534 F.2d 221, 226; *785 Flour Mills of America, Inc. v. Pace (E.D.Okla. 1977) 75 F.R.D. 676, 681-682; Harlem River Con. C., Inc. v. Associated G. of Harlem, Inc., supra, 64 F.R.D. 459, 463; Budget Rent-A-Car of Missouri, Inc. v. Hertz Corporation (W.D.Mo. 1972) 55 F.R.D. 354, 356-357.) Further, the other party must be given a reasonable opportunity to examine all pertinent records. (Fuss v. Superior Court (1969) 273 Cal. App.2d 807, 815 [78 Cal. Rptr. 583].)

4. Time to Answer or Object.

Unless the parties agree to an extension of time, or the court enlarges the time in which to answer, answers and objections must be filed in 30 days. (Code Civ. Proc., § 2030, subd. (a).)
(7) Objections must be interposed in a timely fashion, and, absent good cause for relief from default, a court will not consider belated objections or additional objections. (Coy v. Superior Court (1962) 58 Cal.2d 210, 216 [23 Cal. Rptr. 393, 373 P.2d 457, 9 A.L.R.3d 678]; Fuss v. Superior Court supra, 273 Cal. App.2d 807, 817. Cf. Zonver v. Superior Court (1969) 270 Cal. App.2d 613, 622-623 [76 Cal. Rptr. 10], and Borse v. Superior Court (1970) 7 Cal. App.3d 286, 289 [86 Cal. Rptr. 559].)[12]
No provision of the discovery statute expressly authorizes amendments to interrogatories. Where answers are erroneous, or misleading, they should be corrected long before the pretrial conference.[13]

*786 5. Sanctions Under Section 2034, Subdivision (d) of the Code of Civil Procedure Are Permissible When No Answers or Objections Are Filed.

(8) If a party willfully fails to serve answers to interrogatories, the court, on motion, may strike out all or any part of that party's pleading, or may dismiss the action or any part thereof, or enter a judgment by default against that party, or impose such other penalties of a lesser nature as the court may deem just, and may order that party, or his attorney, to pay to the moving party the reasonable expenses in making such a motion, including reasonable attorneys fees. (Code Civ. Proc., § 2034, subd. (d); italics added.)
When no answers or objections are filed, a motion under section 2034, subdivision (d), is appropriate. (Petersen v. City of Vallejo (1968) 259 Cal. App.2d 757, 781 [66 Cal. Rptr. 776]. E.g. Thompson v. Vallembois (1963) 216 Cal. App.2d 21 [30 Cal. Rptr. 796] (interrogatories overdue for four months and plaintiff's counsel willfully failed to attend the hearing).)[14]
Conversely, where answers and objections are on file, and the party desires a further response, he must make a timely motion to compel further answers. (See Code Civ. Proc., §§ 2030, subd. (a), and 2034, *787 subd. (a). See O'Brien v. Superior Court (1965) 233 Cal. App.2d 388 [43 Cal. Rptr. 815].)[15]
Where no answers or objections are on file when the motion is made, the court may entertain the motion for sanctions under section 2034, subdivision (d). No order compelling further answers is required. "[T]he unsuccessful imposition of a lesser sanction is not an absolute prerequisite to the utilization of the ultimate sanction authorized by subdivision (d) of section 2034." (Scherrer v. Plaza Marina Coml. Corp. (1971) 16 Cal. App.3d 520, 524 [94 Cal. Rptr. 85].) Indeed, there is no question of the power of the court to apply the ultimate sanction of default against a litigant who persists in an outright refusal to comply with his discovery obligations. (Fred Howland Co. v. Superior Court (1966) 244 Cal. App.2d 605, 612 [53 Cal. Rptr. 341].)[16]
(9) Before any sanctions may be imposed under section 2034, subdivision (d), there must be an express finding that there has been a willful failure of the party or the attorney to serve the required answers. (Fairfield v. Superior Court 246 Cal. App.2d 113, 118 [54 Cal. Rptr. 721]; Weinkauf v. Superior Court (1966) 64 Cal.2d 662, 664 [51 Cal. Rptr. 100, 414 P.2d 36].)
Lack of diligence may be deemed willful in the sense that the party understood his obligation, had the ability to comply, and failed to comply. (Fred Howland Co. v. Superior Court, supra, 244 Cal. App.2d 605, 610-611.) A willful failure does not necessarily include a wrongful intention to disobey discovery rules. A conscious or intentional failure to *788 act, as distinguished from accidental or involuntary noncompliance, is sufficient to invoke a penalty. (Snyder v. Superior Court (1970) 9 Cal. App.3d 579, 587 [89 Cal. Rptr. 534].) Indeed, the party on whom interrogatories were served has the burden of showing that the failure was not willful. (Cornwall v. Santa Monica Dairy Co., supra, 66 Cal. App.3d 250, 252-253.)
Before examining the nature of permissible sanctions, we must consider the situation where answers or objections have been filed.[17]

6. Motions to Compel.

(10) Where no answers or objections have been served, a party may move to compel answers. There are no time limitations except the limitations on discovery close to trial. (Powers, A Guide to Interrogatories in California Practice (1975) 48 So.Cal.L.Rev. 1221, 1300; Cal. Civil Discovery Practice, supra, § 8.63.)
If answers or objections are on file, and the propounding party deems that further response is required, he must file a motion to compel further answers within 30 days after the date of service of answers or objections, unless there is a stipulation extending time, or the court, on motion and notice, and for good cause shown, enlarges the time.[18] Otherwise, the party is deemed to have waived the right to compel further answers. (Code Civ. Proc., § 2030, subd. (a).)
This statute is mandatory and a court may not entertain a belated motion to compel. (O'Brien v. Superior Court, supra).[19]
(11) Where a motion to compel is made, the court has the discretionary power to grant in part, and deny in part, that is to balance the purpose and need for the information against the burden which production *789 entails. (West Pico Furniture Co. v. Superior Court (1961) 56 Cal.2d 407, 418 [15 Cal. Rptr. 119, 364 P.2d 295].)[20] The merits of specific objections must be considered. A court may require financial reimbursement for unduly burdensome and frivolous interrogatories. However, it is generally an abuse of discretion to strike an entire set. (See Borse v. Superior Court, supra, 7 Cal. App.3d 286, 288; United Farm Workers of America v. Superior Court (1975) 47 Cal. App.3d 334, 347-348 [120 Cal. Rptr. 904].)[21]

7. Attorneys Fees May be Awarded Where a Motion to Compel Is Granted or Denied Pursuant to Section 2030, Subdivision (a).)

If the motion is granted, and the court finds that the refusal or failure was without substantial justification, the court may require the refusing or failing party and the party or attorney advising the refusal or failure or either of them to pay the examining party the amount of reasonable expenses incurred in making the motion, including reasonable attorneys fees. If the motion is denied, and if the court finds that the motion was made without substantial justification, the court may require the moving party or the attorney advising the motion or both of them to pay the other party the amount of the reasonable expenses incurred in opposing the motion, including reasonable attorneys fees. (Code Civ. Proc., § 2034, subd. (a).)
(12) Attorneys fees and expenses may be awarded when a motion to compel is granted. No other sanctions are authorized at that time. The sanctions provided in subdivision (b) of section 2034 apply only when the party refuses to obey an order made requiring further responses. (Petersen v. City of Vallejo, supra, 259 Cal. App.2d 757, 781.)[22]
*790 Attorneys fees may be awarded where evasive answers are filed and the court finds that the failure to respond was without substantial justification. (See Stein v. Hassen, supra, 34 Cal. App.3d 294, 297, 299-300.) Attorneys fees have also been allowed where the court found that the objection was interposed without substantial justification. (Frey v. Superior Court (1965) 237 Cal. App.2d 201, 204 [46 Cal. Rptr. 747].)[23]
An award of attorney fees under section 2034, subdivision (a) cannot be made unless the trial court finds that the refusal or failure to answer (or the motion) was without substantial justification. (Bunnell v. Superior Court (1967) 254 Cal. App.2d 720, 724 [62 Cal. Rptr. 458]; Fuss v. Superior Court, supra, 273 Cal. App.2d 807, 821.) Even if the court does find that there was no substantial justification for failing to answer, it is not required to award fees and expenses. (Pember v. Superior Court, supra, 66 Cal.2d 601, 604.) If an award of expenses is made, the assessment is limited to those fees and expenses from a particular abuse of the discovery process. No assessment may be made for expenses unrelated to the motion before the court. (See Stillman v. Edmund Scientific Co. (4th Cir.1975) 522 F.2d 798, 801; Welgoss v. End, supra, 252 Cal. App.2d 982, *791 991-992.) Lastly, although the statute authorizes an award directly against counsel, such an award would be improper if the evidence shows that the attorney is blameless. (Weinkauf v. Superior Court, supra, 64 Cal.2d 662, 665.)[24]

8. Sanctions Are Authorized Pursuant to Section 2034, Subdivision (b) of the Code of Civil Procedure When the Party Refuses to Comply With an Order Made Requiring Further Answers.

As previously noted, sanctions are permissible when a party disobeys an order requiring further answers. (Petersen v. City of Vallejo 259 Cal. App.2d 757, 781.)
The court may punish as a contempt the refusal of any order made by the court under subdivision (a) of section 2034 (Code Civ. Proc., § 2034, subd. (b)(1).) Of course, special rules govern contempt proceedings. (Code Civ. Proc., § 1211 et seq.)
The court may award attorneys fees against the disobedient party or the attorney advising such disobedience. (Code Civ. Proc., § 2034, subd. (b)(2)(iv).)
The court may also issue an order that certain designated facts be taken as established for the purposes of the action in accordance with the claim of the party obtaining the order. (Code Civ. Proc., § 2034, subd. (b)(2)(i).) It may also issue an order refusing to allow the disobedient party to support or oppose designated claims or defenses or an order prohibiting him from introducing certain documents, things or items of testimony. (Code Civ. Proc., § 2034, subd. (b)(2)(ii).)
*792 (13) Where a party has refused to supply information relevant to a particular claim or defense, an order establishing certain facts or precluding designated claims or defenses may be the appropriate sanction. Thus, in Caryl Richards, Inc. v. Superior Court (1961) 188 Cal. App.2d 300 [10 Cal. Rptr. 377], the defendant refused to supply the exact chemical composition of a hair spray causing injury to plaintiff's eye. The court held that it was error to enter a default judgment precluding any defense but the trial court could enter an order establishing that the hair spray was injurious. In Pfeiffer v. State Farm Mutual Automobile Ins. Co. (1967) 247 Md. 56 [230 A.2d 87], the court held that it was proper to dismiss the fraud and conspiracy counts since plaintiff's incomplete answers disclosed that he had no facts to support these claims. However, it was error to strike the cause of action for loss of wages since the answers did supply information concerning that claim. In Vickers v. Kansas City (1975) 216 Kan. 84 [531 P.2d 113], the court held it was error to dismiss the entire claim where plaintiff had only been able to produce some of the receipts, bills and checks. The documents did not go to a dispositive issue, but merely served to corroborate plaintiff's testimony concerning special damages. Similarly, in 612 No. Michigan Ave. Bldg. Corp. v. Factsystem, Inc. (1975) 34 Ill. App.3d 922 [340 N.E.2d 678], the court held that pleadings may be stricken only when the stricken pleadings bore some reasonable relationship to the information which was withheld. Hence, although defendant has tried to stall all significant discovery, the interrogatories related to liability and not damages, and, therefore, defendants were entitled to be heard solely on the issue of damages.[25]
Finally, a court may, 1) strike out pleadings or parts thereof, 2) stay the proceedings until the order is obeyed, 3) dismiss the action or proceeding or any part thereof, or 4) render a judgment by default against the disobedient party. (Code Civ. Proc., § 2034, subd. (b)(2)(iii).)

*793 9. The Sanctions Imposed Under Code of Civil Procedure, Section 2034, Subdivisions (b) & (d) Must Be Appropriate to the Dereliction and Must Be Just

The purpose of the discovery statutes is to enable a party to obtain evidence under the control of his adversary in order to further the efficient and economical disposition of a lawsuit. (Caryl Richards, Inc. v. Superior Court, supra, 188 Cal. App.2d 300, 303.) Where no answers are filed, a trial judge is empowered to select one of the sanctions authorized by section 2034, subdivision (d) of the Code of Civil Procedure. Where a motion to compel has been granted, and discovery has been delayed or denied, the court must make orders in regard to the refusal as are just. (Code Civ. Proc., § 2034, subd. (b)(2).)
(14) The penalty should be appropriate to the dereliction, and should not exceed that which is required to protect the interests of the party entitled to but denied discovery. Where a motion to compel has previously been granted, the sanction should not operate in such a fashion as to put the prevailing party in a better position than he would have had if he had obtained the discovery sought and it had been completely favorable to his cause. (Stein v. Hassen, supra, 34 Cal. App.3d 294, 301-303. See Thompson, Sanctions in California Civil Discovery (1968) 8 Santa Clara Law. 173, 185-186.)
(15) The sanction of dismissal or the rendition of a default judgment against the disobedient party is ordinarily a drastic measure which should be employed with caution. (See Wilson v. Volkswagen of America, Inc. (4th Cir.1977) 561 F.2d 494, 503-504.) However, there is no question that a court is empowered to apply the ultimate sanction against a litigant who persists in the outright refusal to comply with his discovery obligations. (Fred Howland Co. v. Superior Court, supra, 244 Cal. App.2d 605, 612.)[26] The refusal to reveal material evidence is deemed to be an admission that the claim or defense is without merit. (Hammond Packing Co. v. Arkansas *794 (1909) 212 U.S. 322, 350-351 [53 L.Ed. 530, 544-545, 29 S.Ct. 370]; Kahn v. Kahn (1976) 68 Cal. App.3d 372, 382 [137 Cal. Rptr. 332].)[27]
Dismissal is not authorized when it is established that the failure to comply has been due to inability, and not to the willfulness or bad faith, or any fault of the party previously ordered to comply. (Societe Internationale v. Rogers (1958) 357 U.S. 197, 212 [2 L.Ed.2d 1255, 1267, 78 S.Ct. 1087]; e.g. Vac-Air, Inc. v. John Mohr & Sons, Ins. (7th Cir.1973) 471 F.2d 231, 233-234 (attorney was ill); Gray v. Yellow Cab Co. (1971) 1 Ill. App.3d 984 [273 N.E.2d 703] (party was unable to leave home to sign supplemental answers due to illness of children); Estate of Fado (1976) 43 Ill. App.3d 759 [357 N.E.2d 195] (the claimant lived in the Soviet Union, and documents had to be translated); Welgoss v. End, supra, 252 Cal. App.2d 982 (client was unable to contact lawyer during crucial period); Fred Howland Co. v. Superior Court, supra, (After the original law firm was given an extension of time, it declared a conflict of interest and the second firm was given the case. The latter did not immediately receive the motion to compel, but promptly explained that they needed time to answer the complex interrogatories. The court held that an award of attorneys fees was permissible, but that a default judgment was error); Planes v. Honeywell Information Systems (Fla.App. 1976) 332 So.2d 80 (although order allowing lawyer to withdraw directed all pleadings to be sent to the client's address, the client never received the interrogatories or motion to compel).)[28]
Where some answers were filed, but others were not, the court must assess the relevancy of the questions and the extent to which the absence of such evidence would deprive the other party of a fair trial. (Wilson v. Volkswagen of America, Inc., supra, 561 F.2d 494, 505; Herold v. Computer Components International, Inc. (Fla.App. 1971) 252 So.2d 576, *795 580 [56 A.L.R.3d 1101].) Thus, where the party refused to answer crucial questions after five extensions and pertinent warnings, a default judgment was proper. (In re Professional Hockey Antitrust Litigation, supra, 531 F.2d 1188.) On the other hand, where the evidence withheld related only to the chemical composition of a spray, the proper remedy was to enter an order that the spray was injurious. (Caryl Richards, Inc. v. Superior Court, supra, 188 Cal. App.2d 300.)
(16) Dismissal or the entry of a default judgment may be proper when no answers are filed. (Code Civ. Proc., § 2034, subd. (d); e.g. Cornwall v. Santa Monica Dairy Co., supra, 66 Cal. App.3d 250 (No answers were filed and the court granted a motion to compel. Plaintiff's attorney was unable to contact his client and the action was dismissed after a delay of four months); Thompson v. Vallembois, supra, 216 Cal. App.2d 21 (No answers were filed for a period of four months, and, although the hearing was twice postponed at the request of plaintiff's attorney, he willfully failed to attend the last hearing); Frates v. Treder (1963) 249 Cal. App.2d 199 [57 Cal. Rptr. 383] (By the time the motion was granted, three years had elapsed. Although defendant's counsel had initially agreed to an extension of time, the extension was terminated and plaintiff's counsel received two letters demanding answers); Spilove v. Cross Transportation (1972) 223 Pa.Super. 143 [297 A.2d 155] (Three letters were sent demanding answers and a motion for sanctions was served. Additional phone calls were made demanding answers. The delay amounted to seven months and the excuse that the file had been mislaid was rejected); Boyles v. Sullivan (1974) 230 Pa.Super. 453 [326 A.2d 440] (Counsel promised to attend to the matter, but no answers were filed. Nothing occurred even after an order issued requiring answers to be filed. The total delay amounted to one year.).)[29]
A dismissal or default judgment may also be entered where evasive and incomplete answers are filed after a motion to compel has been *796 granted. (Code Civ. Proc., § 2034, subd. (b)(2)(iii). E.g. Williams v. Travelers Ins. Co. (1975) 49 Cal. App.3d 805 [123 Cal. Rptr. 83] (A motion to compel was granted within a six-month period. The claimant was given two additional opportunities to file proper answers. Although the questions went to the heart of the claim, the answers were incomplete and evasive, and the claimant also failed to pay the attorneys fees previously ordered); Stein v. Hassen, supra, (the court found the answers were evasive and that the refusal was without substantial justification. The defendant disobeyed two orders directing answers and orders requiring attorney fees, and his default was entered. The reviewing court found the answers were evasive, and that the defendant had displayed an arrogant insolent attitude toward the judicial process); Petersen v. City of Vallejo, supra, 259 Cal. App.2d 757, 777-784 (despite the fact that motions to compel were granted three times, the plaintiff refused to state how road markings had created a dangerous condition).)[30]
(17) While sanctions are discretionary, the term judicial discretion implies absence of arbitrary determination, capricious disposition, or whimsical thinking. It imports the exercise of discriminating judgment within the bounds of reason. To exercise the power of judicial discretion, all the material facts must be known and considered, together also with the legal principles essential to an informed, intelligent and just decision. (See In re Cortez (1971) 6 Cal.3d 78, 85-86 [98 Cal. Rptr. 307, 490 P.2d 819].) Therefore, the court must examine the entire record in determining whether the ultimate sanction should be imposed. (National Hockey League v. Met. Hockey Club, supra, 427 U.S. 639, 642 [49 L.Ed.2d 747, 750-751]; Wilson v. Volkswagen of America, Inc., supra, 561 F.2d 494, 504-506; Stein v. Hassen supra.)[31]
In exercising this discretion, a variety of factors may be relevant, including, 1) the time which has elapsed since interrogatories were *797 served, 2) whether the party served was previously given a voluntary extension of time, 3) the number of interrogatories propounded, 4) whether the unanswered questions sought information which was difficult to obtain, 5) whether the answers supplied were evasive and incomplete, 6) the number of questions which remain unanswered, 7) whether the questions which remain unanswered are material to a particular claim or defense, 8) whether the answering party has acted in good faith, and with reasonable diligence, 9) the existence of prior orders compelling discovery and the answering party's response thereto, 10) whether the party was unable to comply with the previous order of the court, 11) whether an order allowing more time to answer would enable the answering party to supply the necessary information, and, 12) whether a sanction short of dismissal or default would be appropriate to the dereliction.
Of course, each case must be decided on its own facts and, while lesser sanctions are normally imposed, the ultimate sanction is permissible where the litigant persists in refusing to comply with his discovery obligations.
Although express findings are required by subdivisions (a) and (d) of section 2034 of the Code of Civil Procedure, subdivision (b)(2) of that section does not expressly require findings. Nevertheless, findings are customarily made when sanctions are imposed following a motion to compel, (see Stein v. Hassen, supra), and the better rule appears to be that when the court imposes the ultimate sanction of dismissal, the court should state its reasons so that the order can be subject to meaningful review. (See Wilson v. Volkswagen of America, Inc., supra, 561 F.2d 494, 501.)[32]

10. The Court Exceeded Its Jurisdiction When It Struck Appellant's Answer and Awarded Attorneys Fees.

(18) In November 1976, the court denied respondent's request for sanctions but directed appellant to file answers by December 15, 1976. Appellant complied with that order and, therefore, no sanctions under section 2034, subdivision (b), of the Code of Civil Procedure were permissible. Likewise, since answers were on file, no sanctions under *798 section 2034, subdivision (d), of the Code of Civil Procedure could be imposed. (See Fox v. Studebaker-Worthington, Inc., supra, 516 F.2d 989, 994-995.)
(19) Respondent made a timely motion to compel. Therefore, the court had jurisdiction to direct appellant to file further answers to the interrogatories. However, the court had no jurisdiction to strike appellant's answer and the order striking appellant's answer and entering his default must be reversed.
If the trial court found that the failure to supply proper answers was without substantial justification, an award of reasonable expenses would have been proper pursuant to Code of Civil Procedure section 2034, subdivision (a). However, no such finding was made and the award of attorneys fees must also be annulled.
After the remittitur is filed, appellant may seek leave to file supplemental answers. If respondent is dissatisfied with the supplemental answers, he may renew his motion to compel and may seek attorneys fees.

DISPOSITION
The judgment is reversed. The trial court is directed to set aside the order dated February 2, 1977 which struck appellant's answer to the complaint, entered appellant's default, and awarded attorneys fees.
Neither party may recover costs on appeal.
NOTES
[*] Before Roth, P.J., Fleming, J., and Compton, J.
[1] While a prerogative writ is not a favored method of reviewing discovery orders (Sav-On Drugs, Inc. v. Superior Court (1975) 15 Cal.3d 1, 5 [123 Cal. Rptr. 283, 538 P.2d 739]; Pacific Tel. & Tel. Co. v. Superior Court (1970) 2 Cal.3d 161, 169 [84 Cal. Rptr. 718, 465 P.2d 854].) discovery orders may be reviewed on appeal from a final judgment on the merits. (Wooldridge v. Mounts (1962) 199 Cal. App.2d 620, 628 [18 Cal. Rptr. 806].)
[2] Where a party makes recourse to evidence to prove that the allegations in a complaint are false and sham, he must file a motion for summary judgment and not a motion to strike. (See Vesely v. Sager (1971) 5 Cal.3d 153, 167-169 [95 Cal. Rptr. 623, 486 P.2d 151].) Sadly, a recent publication by the Continuing Education of the Bar fails to mention this significant distinction. (See 1 Cal. Civil Procedure Before Trial (Cont.Ed.Bar 1977) § 10.2, p. 389.)
[3] Answers to interrogatories provided by party A are not admissible against party B. (See Castaline v. City of Los Angeles (1975) 47 Cal. App.3d 580, 587-590 [121 Cal. Rptr. 786].)
[4] Answers to interrogatories are admissible for the purpose of impeachment. (Code Civ. Proc., §§ 2030, subd. (c) and 2016, subd. (d); 2 DeMeo, Cal. Deposition and Discovery Practice (1975), § 9.01(54).) However, it has been held that answers to interrogatories will not prevent a party from relying on subsequently discovered facts. (Singer v. Superior Court (1960) 54 Cal.2d 318, 324-325 [5 Cal. Rptr. 697, 353 P.2d 305].) Indeed, in the absence of significant prejudice to the opponent, a party may present evidence at variance with prior answers to interrogatories. (Castaline v. City of Los Angeles, supra, 47 Cal. App.3d 580, 591; Weiss v. Baba (1963) 218 Cal. App.2d 45, 50 [32 Cal. Rptr. 137].)

Thus, where the answers revealed specific injuries, the injured party may be allowed to testify concerning additional injuries which are not wholly inconsistent with specific injuries revealed in the prior answers. (Milton v. Montgomery Ward & Co., Inc. (1973) 33 Cal. App.3d 133, 139-141 [108 Cal. Rptr. 726].) Likewise, when plaintiff answered that she had fully recovered, but later complained of certain residual injuries at a deposition, defendant could hardly claim surprise. (Castaline v. City of Los Angeles, supra, 47 Cal. App.3d 580, 591.) However, a new trial was required when plaintiff claimed damages which she had expressly abandoned in answers to interrogatories. (See Campain v. Safeway Stores, Inc. (1972) 29 Cal. App.3d 362 [104 Cal. Rptr. 752].)
A court may bar testimony of a witness whose identity was willfully concealed in answers to interrogatories. (Thoren v. Johnston & Washer (1972) 29 Cal. App.3d 270 [105 Cal. Rptr. 276].) However, a court erred in preventing previously undisclosed expert witness from testifying on rebuttal where no prejudice was shown. (Rangel v. Graybar Electric Co. (1977) 70 Cal. App.3d 943, 947-950 [139 Cal. Rptr. 191]. See Powers, A Guide to Interrogatories in California Practice (1975) 48 So.Cal.L.Rev. 1221, 1255-1263.)
Other jurisdictions balance a variety of factors including surprise, materiality, whether an expert witness is involved, and whether a continuance would obviate the problem. (See e.g. Rosales v. Marquez (1965) 55 Ill. App.2d 203 [204 N.E.2d 829, 831]; Barci v. Intalco Aluminum Corporation (1974) 11 Wn.App. 342 [522 P.2d 1159, 1164-1165]; Texas Employers Insurance Association v. Thomas (Tex.Civ.App. 1974) 517 S.W.2d 832; Standard Fire Ins. Co. v. Barnard (Tex.Civ.App. 1977) 553 S.W.2d 686; Concord Towers, Inc. v. Long (Del. 1975) 348 A.2d 325; Goldring v. Escapa (Fla.App. 1976) 338 So.2d 871; Jackson v. H. & S. Oil Company, Inc. (1975) 263 S.C. 407 [211 S.E.2d 223]; Moore v. Howard P. Foley Company (1975) 235 Pa.Super. 310 [340 A.2d 519]; Smith v. Babcock (1971) 157 Mont. 81 [482 P.2d 1014]; Thomas v. Fitch (Mo. App. 1968) 435 S.W.2d 703, 707; Oventrop v. Bi-State Development Agency (Mo. App. 1975) 521 S.W.2d 488; Phelps v. Blomberg Roseville Clinic (1977, Minn.) 253 N.W.2d 390. Acosta v. Chicago Transit Authority (1976) 39 Ill. App.3d 80 [349 N.E.2d 613]; Davis v. Marathon Oil Co. (6th Cir.1975) 528 F.2d 395, 403-404; Dudley v. South Jersey Metal, Inc. (3rd Cir.1977) 555 F.2d 96.) The objection must be timely (Cardenas v. Peterson Bean Co. (1966) 180 Neb. 605 [144 N.W.2d 154].) Of course, some of these jurisdictions require continuing interrogatories and the disclosure of all witnesses.
[5] In West Pico Furniture Co. v. Superior Court (1961) 56 Cal.2d 407, 419 [15 Cal. Rptr. 119, 364 P.2d 295], the court condemned the use of shotgun interrogatories, namely, questions which required the reader to ascertain the impact of references back to preceding subinterrogatories. In Wooldridge v. Mounts (1962) 199 Cal. App.2d 620, 626-627 [18 Cal. Rptr. 806]. the boiler plate interrogatories submitted included one question asking an 18-year-old plaintiff to state all of his employers during the preceding 10 years. In Krantz v. United States (W.D.Va. 1972) 56 F.R.D. 555, when plaintiff had the temerity to seek a tax refund, the government filed nearly 1,500 interrogatories and requests for production of documents. A protective order issued in In re U.S. Financial Securities Litigation (S.D.Cal. 1975) 74 F.R.D. 497, the court quashed a set of interrogatories 2 inches thick and 381 pages long, which contained 2,736 questions and subparts. The answers would have filled over 900 pages and would have to be copied and served on all 67 parties. And yes, there is a case where an individual plaintiff, involved in a traffic accident, was served with 37 pages of interrogatories which included questions concerning plaintiff's corporate structure. (Cabrera v. Evans (Fla.App. 1975) 322 So.2d 559.)
[6] Justice Lillie correctly observes that it is now an open question as to whether continuing interrogatories may be used in California. (See Rangel v. Graybar Electric Co., supra, 70 Cal. App.3d 943, 960, fn. 6.) In other jurisdictions, supplemental responses may be required by the court or by a rule or statute. (See Gebhard v. Niedzwiecki (1963) 265 Minn. 471 [122 N.W.2d 110, 114-115]; Laws v. City of Wellston (Mo. 1968) 435 S.W.2d 370, 375. See Fed. Rules Civ. Proc., rule 26(e).) In California, the rule has been that a party is not precluded from using subsequently discovered facts. (Singer v. Superior Court, supra, 54 Cal.2d 318, 324-325.)
[7] Since numerous treatises discuss the propriety of various objections, we will not address that subject. Likewise, we will not cover the subject of protective orders. The references to section 2030 of the Code of Civil Procedure are to the language adopted in 1978 by chapter 12, an urgency measure which reinstated the earlier language of section 2030.
[8] While current information must be disclosed, common practice is to include a caveat that the party has not completed its investigation, etc. (See Powers, A Guide to Interrogatories, in California Practice (1975) 48 So.Cal.L.Rev. 1221, 1294.)
[9] Although this decision was first reversed by the Court of Appeal (In re Professional Hockey Antitrust Litigation (3d Cir.1976) 531 F.2d 1188), the decision of the Court of Appeals was reversed by the Supreme Court sub nom. as National Hockey League v. Met. Hockey Club (1976) 427 U.S. 639 [49 L.Ed.2d 747, 96 S.Ct. 2778], and the decision by the district court was then affirmed. (In re Professional Hockey Antitrust Litigation (3d Cir.1976) 541 F.2d 275.)
[10] Some courts disapprove of chain letter answers. (See L.A. Super. Ct. Policy Manual Relating to Discovery Matters, § 254B.) However, where questions are repetitious, counsel have frequently adopted the practice of providing a single complete answer to the lead question. (See Cal. Civil Discovery Practice, supra, § 8.55.)

This is a dangerous practice since counsel must insure that the answer is responsive to each question in the series. Where the court entertains any doubt as to the sufficiency of an answer, rather than going through the laborious process of comparing the answer with each question, it will, instead, direct a full answer to each question. (See Trabon Engineering Corp. v. Eaton Manufacturing Co. (N.D.Ohio 1964) 37 F.R.D. 51, 60.)
[11] Under the comparable federal rule, it has been held that if the answer is available in a more convenient form, the proponent should not be required to search through records in order to obtain the proper data. (Daiflon, Inc. v. Allied Chemical Corp. (10th Cir.1976) 534 F.2d 221, 226.)
[12] Under federal practice, the general rule is that where a party fails to object within the time fixed by the federal rules, the objection is waived. However, courts have entertained belated objections especially where interrogatories were palpably improper. (See 8 Wright & Miller, Federal Practice and Procedure (1970) § 2173, pp. 544-545; Williams v. Krieger (S.D.N.Y. 1973) 61 F.R.D. 142, 145.)
[13] Under the federal rules, a party is required to amend a prior answer when the party knows the initial response is no longer true. (Fed. Rules Civ. Proc., rule 26(e).) When a party does not wish to be bound by an original factual statement, an amendment may be permitted with leave of court. (4A, Moore's Federal Practice (1975) § 33.25[2].)

In California, the cases do not follow a wholly consistent pattern. In one case, an insurance company was allowed to file supplemental answers at trial which repudiated earlier answers concerning an ambiguous contractual provision. (Williams v. American Cas. Co. (1971) 6 Cal.3d 266, 274-275 [98 Cal. Rptr. 814, 491 P.2d 398].) On the other hand, where no good cause for relief was shown, a court denied leave to amend a pretrial conference order to include a contention which was previously abandoned in answers to interrogatories. (Universal Underwriters Ins. Co. v. Superior Court (1967) 250 Cal. App.2d 722, 729-731 [58 Cal. Rptr. 870].)
It has been stated that amendments to correct a mistaken factual statement are usually permitted under section 473 of the Code of Civil Procedure. (Cal. Civil Discovery Practice, supra, § 8.61.) However, relief, independent of section 473, has been allowed where a party belatedly moves to file belated responses to requests for admission or to file amended responses. (Milton v. Montgomery Ward & Co., Inc., supra, 33 Cal. App.3d 133, 138-139; Kaiser Steel Corp. v. Westinghouse Elec. Corp. (1976) 55 Cal. App.3d 737, 743-745 [127 Cal. Rptr. 838]; Zorro Inv. Co. v. Great Pacific Securities Corp. (1977) 69 Cal. App.3d 907 [138 Cal. Rptr. 410].)
Although a motion for leave to file supplemental responses appears to be the preferred practice, (Cal. Civil Discovery Practice, supra, § 8.61; Powers, A Guide to Interrogatories (1975) 48 So.Cal.L.Rev. 1221, 1264-1265) it has been suggested that an amended answer could be filed without leave of court where the omission or error was inadvertent, and the amended answer is very promptly filed so as to avoid any prejudice. (Powers, supra, p. 1265.) In light of Universal Underwriters, the only safe practice for a party wishing to make a contention previously omitted from an answer is to move for leave to amend as soon as he decides to make such a contention. Indeed, a prudent attorney will have corrected any misleading or erroneous answers long before the pretrial conference.
[14] There is language in some opinions suggesting that sanctions under section 2034 subdivision (d), are appropriate when a party refuses to obey an order made compelling him to file further answers. (See e.g. Welgoss v. End (1967) 252 Cal. App.2d 982, 986, 992 [61 Cal. Rptr. 52]; Cornwall v. Santa Monica Dairy Co. (1977) 66 Cal. App.3d 250 [135 Cal. Rptr. 761].) Of course, a party who refuses to obey such an order has "willfully failed" to serve answers. However, the specific provision authorizing sanctions for refusal to obey such an order is subdivision (b) of section 2034, and not subdivision (d). (See Petersen v. City of Vallejo, supra, 259 Cal. App.2d 757, 781.)
[15] The Federal Rules of Civil Procedure follow a similar format. It has been held that the provisions of rule 37(d) of the Federal Rules of Civil Procedure do not apply when the failure to comply is anything less than a total failure to respond. If a response is made, but some questions are not answered or are evasive or incomplete, a motion under rule 37(a) of the Federal Rules of Civil Procedure is the proper remedy. (Fox v. Studebaker-Worthington, Inc. (8th Cir.1975) 516 F.2d 989, 995; 8 Wright & Miller, Federal Practice and Procedure, supra, § 2291, pp. 809-810; 4A, Moore's Federal Practice, supra, § 37.05, pp. 37.103 to 37.104.) A similar conclusion has been reached by states which have employed the same approach. (See Willis v. Duke Power Co. (1976) 291 N.C. 19 [229 S.E.2d 191, 201]; Bratten Apparel, Inc. v. Lyons Textile Mill, Inc. (1973) 129 Ga. App. 384 [199 S.E.2d 632].)
[16] A Georgia court has held that once a motion for sanctions has been filed, the opposite party may not preclude their imposition by making a belated response. (Houston General Ins. v. Stein Steel & Supply (1975) 134 Ga. App. 624 [215 S.E.2d 511, 513].) However, where the answers are belatedly filed before the order is made, the entry of a default judgment would be error where a reasonable monetary award would fully compensate for the delay. (Fred Howland Co. v. Superior Court, supra. 244 Cal. App.2d 605, 611-612.)
[17] Where a party files false answers to interrogatories sanctions may be imposed at trial pursuant to Code of Civil Procedure section 2034, subdivision (d). (See Thoren v. Johnston & Washer, supra, 29 Cal. App.3d 270, 274.)
[18] When answers are served by mail, the time is extended by Civil Code section 1013. (See California Accounts, Inc. v. Superior Court (1975) 50 Cal. App.3d 483 [123 Cal. Rptr. 304].)
[19] In O'Brien, the court said: "In the absence of any showing to the contrary, it is unnecessary to decide whether or not a party may be relieved of failure to make a timely motion, or under what circumstances such relief might be granted." (O'Brien v. Superior Court, supra, 233 Cal. App.2d 388, 391.)
[20] Where no monetary sanctions are awarded, there is no requirement that formal findings be made where the court denies or grants a motion for discovery. (Greyhound Corp. v. Superior Court (1961) 56 Cal.2d 355, 384 [15 Cal. Rptr. 90, 364 P.2d 266].)
[21] Where all of the interrogatories are objectionable the motion to compel can be denied in toto. In Deaile v. General Telephone Co. of California (1974) 40 Cal. App.3d 841, 851 [115 Cal. Rptr. 582], the court said: "Generally, the court should tailor its discovery orders to the needs of the particular case. Ordinarily, it would constitute an abuse of discretion to deny in toto a motion to compel further answers merely because some of the interrogatories were objectionable. [Citations omitted.] Here, however, the questions were objectionable in their entirety.... The court was not under any obligation to redraft plaintiff's interrogatories so that proper questions would be presented for consideration. [Citation omitted.]"
[22] Although rule 37(b) of the Federal Rules of Civil Procedure authorizes the imposition of sanctions, it has no application unless an order to compel has been made. (Fox v. Studebaker-Worthington, Inc., supra, 516 F.2d 989, 994-995; 8 Wright & Miller, Federal Practice and Procedure supra, § 2289, p. 790.)
[23] Frey squarely holds that attorneys fees may be allowed where the objection is frivolous. In Pember v. Superior Court (1967) 66 Cal.2d 601 [58 Cal. Rptr. 567, 427 P.2d 167], while the court upheld a discretionary denial of fees, the court assumed that fees could be awarded where a party failed to answer certain questions at a deposition relying on the advice of counsel.

In Fairfield v. Superior Court, supra, 246 Cal. App.2d 113, Justice Pro Tem. McCoy, speaking for the court, said: "Section 2030 does not contain any provision for the imposition of sanctions. The purpose of such a motion is to obtain a judicial determination of the validity of the objections and an order requiring an answer to the interrogatory if the objection is overruled. [citation omitted]. Since this section does not provide for the imposition of sanctions against the objecting party, it cannot be said that the making of an objection is the equivalent of a refusal to answer an interrogatory, however unsubstantial the objection may appear to the court...." (Id., p. 119.)
Justice McCoy made no mention of Frey v. Superior Court which was decided the previous year. Indeed, the statement is dictum, since Fairfield was complaining about a subsequent order.
In 1974, the Legislature amended section 2034, subdivision (a), to provide for an award of attorneys fees if the failure or refusal was found to be without substantial justification. Clearly, a litigant who invokes a frivolous objection has not only failed to answer the question, but has set the stage for a wholly unnecessary judicial proceeding. (See Cal. Civil Discovery Practice (Cont.Ed.Bar Supp. 1977) § 8.63.)
Evidently, the Los Angeles Superior Court did not give the Fairfield dictum much weight. The discovery manual states: "A refusal consists of ... an objection or legally insufficient answer." (L.A. Super. Ct. Policy Manual Relating to Discovery Matters, §§ 257A, 257B.) Thus, when a manufacturer is served with interrogatories seeking information concerning an injury producing design defect, and the manufacturer invokes the priest penitent privilege, one might expect a trial judge to make some uncharitable observations as he awards fees to the moving party.
[24] Under the Federal Rules of Civil Procedure, apportionment of expenses is specifically authorized. (E.g. Whitehouse Investments Limited v. Bernstein (S.D.N.Y. 1970) 51 F.R.D. 163 (defendant awarded fees where he prevailed on most issues and was required to further answer only a small percentage of the interrogatories).) However, fees in California have been awarded where the motion is granted in part and the court found that the refusal to answer some interrogatories was without substantial justification. (See Stein v. Hassen, supra, 34 Cal. App.3d 294, 297.)

The federal rules are different in one significant respect. As presently worded, the rules authorize fees unless the losing party shows that the opposition was substantially justified or that special circumstances exist which would make the award unjust. (David v. Hooker, Ltd. (9th Cir.1977) 560 F.2d 412, 419.) Nevertheless, fees have been denied where the issue raised was "largely unprecedented" and the opposition was "not frivolous." (Harlem River Consum. Coop. v. Associated Groc. of Harlem (S.D.N.Y. 1972) 54 F.R.D. 551, 554.)
[25] See also Life Music, Inc. v. Broadcast Music, Inc. (S.D.N.Y. 1966) 41 F.R.D. 16; E.E.O.C. v. Carter Carburetor, Div. of ACF Ind. (E.D.Mo. 1977) 76 F.R.D. 143; Von Brimer v. Whirlpool Corp. (9th Cir.1976) 536 F.2d 838, 843-844. See, also, 8 Wright & Miller, Federal Practice and Procedure (1970) section 2289, pages 793-795, and cases cited.

Where defendant failed to comply with an order directing him to produce certain documents seven days before trial, he could be prohibited from introducing them at trial. (A & M Records, Inc. v. Heilman 75 Cal. App.3d 554, 564-565 [142 Cal. Rptr. 390].) However, the court reversed a preclusion order where the evidence showed that the documents were difficult to assemble and the delay was due to the combination of plaintiff's illness and an airplane strike. (Dorsey v. Academy Moving & Storage, Inc. (5th Cir.1970) 423 F.2d 858.)
[26] The most severe in the spectrum of sanctions must be available in appropriate cases not only to penalize those whose conduct may be deemed to warrant such a sanction, but also to deter those who might be tempted to flaunt discovery orders. (National Hockey League v. Met. Hockey Club (1976) 427 U.S. 639, 643 [49 L.Ed.2d 747, 751, 96 S.Ct. 2778].) The judicial system cannot tolerate litigants who flagrantly refuse to comply with orders of the court and who refuse to permit discovery. For delay and evasion are added burdens on litigation causing a waste of judicial and legal time, are unfair to the litigants, and offend the administration of justice. (Denton v. Mr. Swiss of Missouri, Inc. (8th Cir.1977) [564 F.2d 236, 241].)
[27] When an action is dismissed as a discovery sanction, another action involving the same parties and same subject matter is barred on the ground of res judicata. (Kahn v. Kahn, supra.)
[28] One court held it was an abuse of discretion to strike answers where plaintiff was unable to find copies of tax returns and had listed all witnesses in a single paragraph. (Richard's v. O'Boyle (1970) 21 Mich. App. 607 [175 N.W.2d 874].) Likewise, it was error to dismiss when the order compelling further answers was ambiguous. (Martin v. Hess Cartage Company (1971) 36 Mich. App. 243 [193 N.W.2d 357].)

Similarly, where two defendants were involved, and noncompliance by one party was not chargeable to the other, it was error to strike both parties' answers. (Zanathy v. Beach Harbor Club Ass'n, Inc. (Fla.App. 1977) 343 So.2d 625, 626.)
On the other hand, where a party is at fault, a court will not disregard applicable rules merely because he elected to appear in propria persona. (Stein v. Hassen, supra, 34 Cal. App.3d 294, 303. But see, Griffin v. Aluminum Co. of America (5th Cir.1977) 564 F.2d 1171 (plaintiff failed to appear at deposition due to misunderstanding).)
[29] Dismissal may be appropriate where a party refuses to appear for scheduled depositions. (E.g. Flood v. Simpson (1975) 45 Cal. App.3d 644 [119 Cal. Rptr. 675] (three depositions) Housing Authority v. Gomez (1972) 26 Cal. App.3d 366 [102 Cal. Rptr. 657] (three scheduled depositions); Scherrer v. Plaza Marina Coml. Corp. supra, 16 Cal. App.3d 520 (1971) (two depositions); MacDonald v. Joslyn (1969) 275 Cal. App.2d 282, 290-291 [79 Cal. Rptr. 707, 35 A.L.R.3d 641] (refusal to answer questions).) See also Kaplan v. Eldorado Ins. Co. (1976) 55 Cal. App.3d 587 [127 Cal. Rptr. 699] (failure to appear at depositions or physical exam after being ordered to do so). But see Buchanan v. Jimenez (1972) 18 Ariz. App. 298 [501 P.2d 567] (default was error where counsel had notified opposing counsel and court that he would be on vacation at time of deposition and was unaware that motion for continuance was denied). Crummer v. Beeler (1969) 185 Cal. App.2d 851 [8 Cal. Rptr. 698] (default reversed where defendant was in Canada and plaintiff adamantly refused to reschedule defendant's deposition).
[30] See also Emerick v. Fenick Industries, Inc. (5th Cir.1976) 539 F.2d 1379 (Interrogatories were served in January. In June, answers were ordered filed in five days. Only partial answers were provided and a motion for sanctions was filed in October. In dismissing the action, the trial judge said that the party's failure was unbelievably flagrant); in DiGregorio v. First Rediscount Corporation (3d Cir.1974) 506 F.2d 781 (although the court issued two orders requiring more complete answers, plaintiff was impervious to any suggestion that she recast her answers); Affanato v. Merrill Bros. (1st Cir.1977) 547 F.2d 138 (No answers were filed during a two-year period even though eight voluntary extensions of time were permitted. Further, no answers were filed after a motion to compel issued and sanctions were imposed).)
[31] Of course, if the court finds that the failure to respond was excusable, it cannot impose sanctions for past misconduct. (Welgoss v. End, supra, 252 Cal. App.2d 982, 991-992.)
[32] Another federal court said that no finding of willfulness is necessary when willfulness is mirrored in the record. (DiGregorio v. First Rediscount Corporation, supra, 506 F.2d 781, 788.) We note, however, that where a motion to compel was made, the Court of Appeal held that no sanctions were permissible unless the failure was found to be willful. (See Welgoss v. End, supra, 252 Cal. App.2d 982, 991-992.)