Filed 5/4/16  Patton v. Martins CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| JAMES PATTON, | D067214 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2013-00044219-CU-PO-CTL) |
| DONALD MARTINS et al., | |
| Defendants and Respondents. | |


APPEAL from an order of the Superior Court of San Diego County, Judith F. Hayes, Judge.  Reversed.


Russ Bolin for Plaintiff and Appellant.

Horton, Oberrecht, Kirkpatrick & Martha, Kimberly S. Oberrecht and Nathaniel J. Michels for Defendants and Respondents.

In general, the law favors resolving cases on their merits.  As we explain more fully, in this case, notwithstanding plaintiff and appellant James Patton's failure to appear for agreed independent medical examinations, he should be given an opportunity to have

the merits of his case against defendant and respondent Donald Martins[1] determined in the trial court.  However, we emphasize that in order that cases be resolved on their merits, every litigant must participate in an orderly manner in the processes of our courts. When we, or the trial court, unduly indulge a litigant's consistent disregard for those processes in any particular case, we prejudice not only the ability of the trial court to resolve that case on the merits, but the trial court's ability to reach the merits of all the other cases on its docket.  Here, we reverse the trial court's dismissal of plaintiff's complaint and remand for further proceedings only because, on this record, the trial court's substantial interest in assuring that litigants participate in its proceedings in an orderly manner can be vindicated without entirely depriving plaintiff of an opportunity to have the merits of his case determined by the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  Patton's Claims Against Martins

The record indicates Patton's claims against Martins grow out of an incident that occurred on April 16, 2011, when Patton was working as a security guard at a gated community.  According to Patton's version of events:  Martins, an electrical contractor, arrived at the community gate in his work truck, misread directional signs and drove the wrong way through the gate; Patton instructed Martins to drive out of the area in the proper lane of traffic, turn around and reenter the community properly; Martins refused, an argument ensued and Martins violently opened the driver's side door of his truck,

---

[1]     All references to Martins include the corporate entity under which he does business, defendant and respondent Donald Martins Electrical, Inc.

2

knocking Patton to the ground, where Patton hit his head; according to witnesses, Martins then got back in his truck and drove away, but in doing so managed to run over Patton's left leg.

The record also indicates that police were called and eventually located Martins and arrested him.

B. Litigation

Initially acting in propria persona, Patton filed a complaint against Martins. He then obtained counsel, who filed an amended complaint on his behalf. In response to discovery propounded by Martins, Patton stated that he suffered psychiatric injuries as a result of being pushed to the ground and run over by Martins's truck. In particular, he stated that he suffers from traumatic brain injury and post-traumatic stress injury.

In light of Patton's psychiatric injuries, on June 5, 2014, Martins's counsel made a demand on Patton's counsel for two separate psychiatric independent medical examinations (IME's). Patton's counsel made no objection to the IME's and attempted to advise Patton that they were scheduled on June 23, 2014 and June 26, 2014. Patton did not appear for either IME.

Shortly thereafter, Patton's counsel moved to withdraw as counsel. According to counsel, her relationship with Patton had irreparably disintegrated and there was no communication between Patton and counsel. After counsel moved to withdraw, Martins moved for terminating sanctions. Both counsel's motion to withdraw and Martins's motion for terminating sanctions were calendared for hearing on August 22, 2014.

At the hearing on the motions, Patton was present. The trial court granted

counsel's motion to withdraw and continued Martins's motion for terminating sanctions to October 24, 2014. The trial court advised Patton that he either had to obtain new counsel or file an opposition to Martins's motion for terminating sanctions.

Patton did not file any opposition to Martins's motion in the trial court. Rather, he appeared at the continued hearing on the motion on October 24, 2014, with an attorney, who had not been retained but who was permitted to make a "special appearance." The trial court took Martins's motion under submission.

Shortly after the hearing, on or about October 31, 2014, acting in propria persona, Patton attempted to file a proposed opposition to the motion. In his proposed opposition, Patton stated he did not receive notice of the IME's until he received a letter from his counsel on July 8, 2014. Patton stated that he does not regularly check his email.

On November 3, 2014, the trial court granted the motion. In its order granting the motion, the trial court stated, in pertinent part: "The UNOPPOSED Motion of Defendants Donald Martins and Donald Martins Electrical, Inc. for Terminating Sanctions is GRANTED. . . . [¶] Plaintiff was previously admonished of the motion on calendar for terminating sanctions. He was fully aware he needed to file opposition and/or obtain new counsel. Plaintiff did neither. Accordingly the motion is granted."

On November 14, 2014, Patton, again acting in propria persona, filed a motion for reconsideration of the trial court's order. Among other issues, Patton argued his failure to appear for the IME's and his failure to file an earlier opposition were based on inadvertent, excusable neglect related in part to his mental disability. Patton again

4

attached his proposed opposition to Martins's motion.[2]

On December 17, 2014, again acting in propria persona, Patton filed a notice of appeal.

I

On appeal, Patton argues that because he was never ordered to appear for an IME, the trial court lacked the power to dismiss his claims against Martins. We reject this contention.

"A number of statutes provide authority for the trial court to terminate a case. For example, Code of Civil Procedure section 575.2 permits dismissal of a case for the violation of fast track rules where noncompliance is the fault of the party and not counsel. [Citations.] Code of Civil Procedure former section 2023 permits trial courts to impose terminating sanctions and strike pleadings as a discovery sanction. [Citation.] Additionally, the statutes recognize that *the courts have the inherent authority to dismiss an action.* [Citations.]

"Trial courts should only exercise this authority in extreme situations, such as when the conduct was clear and deliberate, where no lesser alternatives would remedy the situation [citation], the fault lies with the client and not the attorney [citation], and when the court issues a directive that the party fails to obey." (*Del Junco v. Hufnagel* (2007) 150 Cal.App.4th 789, 799, italics added & fn. omitted.)

---

2    There is no opposition to the motion for reconsideration in the record on appeal, and we have been unable to find any indication in the record with respect to whether the trial court ever reached the merits of Patton's motion for reconsideration and formally ruled on it.

Although Code of Civil Procedure section 2032.240 subdivision (d)[3] expressly permits a terminating sanction when a party fails to respond to a demand for an IME and is then ordered to respond to the IME, the express prerequisite of an order in that situation has no application here. The record shows that Patton's lawyer in fact did respond to Martins's demand for the IME's, and Martins's motion was based not on a failure to respond to the demand but on Patton's failure to appear for the IME's on the agreed dates. In that circumstance, the trial court may rely on its inherent authority over proceedings in imposing sanctions, including terminating sanctions.

Here, the record shows that from the time of the scheduled IME's in June 2014 until the eventual hearing on the motion four months later, in October 2014, Patton

---

[3] Code of Civil Procedure section 2032.240 states: "(a) If a plaintiff to whom a demand for a physical examination under this article is directed fails to serve a timely response to it, that plaintiff waives any objection to the demand. The court, on motion, may relieve that plaintiff from this waiver on its determination that both of the following conditions are satisfied:
"(1) The plaintiff has subsequently served a response that is in substantial compliance with Section 2032.230.
"(2) The plaintiff's failure to serve a timely response was the result of mistake, inadvertence, or excusable neglect.
"(b) The defendant may move for an order compelling response and compliance with a demand for a physical examination.
"(c) The court shall impose a monetary sanction under Chapter 7 (commencing with Section 2023.010) against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel response and compliance with a demand for a physical examination, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.
"(d) If a plaintiff then fails to obey the order compelling response and compliance, the court may make those orders that are just, including the imposition of an issue sanction, an evidence sanction, or a terminating sanction under Chapter 7 (commencing with Section 2023.010). In lieu of or in addition to that sanction the court may impose a monetary sanction under Chapter 7 (commencing with Section 2023.010)."

6

largely absented himself from his responsibilities as a litigant. Patton did not simply fail to show up for the IME's, but he failed to conduct himself in a manner which would have permitted that error to be remedied: He failed to maintain communication with his first counsel, failed to obtain new counsel when his first counsel withdrew and failed to provide a timely opposition to Martins's motion. Given the totality of these circumstances, we entirely comprehend the trial court's frustration with Patton and its legitimate concern that Patton had deliberately ignored his responsibilities as a litigant.

## II

Patton also argues that under Code of Civil Procedure section 2032.220 subdivision (d), Martins was required to provide him 30 days' notice of the IME's. However, the record shows that Patton's lawyer made no objection to the timing of the IME's, and Patton himself never filed a timely opposition raising the issue. Thus, Patton waived any objection based on the lack of notice.

## III

Although we do not adopt Patton's contention that an order requiring discovery is a prerequisite to dismissal as a discovery sanction, or that he was not given proper notice of the IME's, we do nonetheless find that dismissal in this case was an abuse of discretion. The law is clear that dismissal as a sanction should be imposed only as a last resort and only when other sanctions have been considered and found ineffective. (*Del Junco v. Hufnagel*, *supra*, 150 Cal.App.4th at p. 799.) "The purpose of the discovery statutes is to enable a party to obtain evidence under the control of his adversary in order to further the efficient and economical disposition of a lawsuit. . . . [¶] [Sanctions]

7

should be appropriate to the dereliction, and should not exceed that which is required to protect the interests of the party entitled to but denied discovery. Where a motion to compel has previously been granted, *the sanction should not operate in such a fashion as to put the prevailing party in a better position than he would have had if he had obtained the discovery sought and it had been completely favorable to his cause.* [Citations.] [¶] The sanction of dismissal or the rendition of a default judgment against the disobedient party is ordinarily a drastic measure which should be employed with caution." (*Deyo v. Kilbourne* (1978) 84 Cal.App.3d 771, 793, italics added.)

Short of dismissal, a host of alternative means of sanctioning willful disobedience of discovery obligations are available: attorney fees and expenses may be awarded to the party seeking discovery; when an order to provide discovery has been disobeyed, the disobedience may be punished as contempt; the court may issue an order that certain designated facts be taken as established for the purposes of the action; the court may issue an order refusing to allow the disobedient party to support or oppose designated claims or defenses or an order prohibiting him or her from introducing certain documents, things or items of testimony; the court may strike pleadings or parts thereof; or the court may stay the proceedings until its order is obeyed. (*Deyo v. Kilbourne*, *supra*, 84 Cal.App.3d at pp. 791-792.)

Here, two circumstances support our conclusion that the ultimate sanction of dismissal was not warranted: Although Patton's failure to obtain counsel as directed by the trial court and his failure to timely file an opposition to Martins's motion certainly support an inference of willfulness on his part, given his apparent difficulty

8

communicating with counsel, the issue of willfulness was not fully and directly litigated, and the subject of the requested discovery—Patton's psychiatric injuries—was only a portion of his case against Martins and did not go to Martins's liability to Patton or the extent of any other injuries Patton may have suffered.

Accordingly, we reverse the order dismissing Patton's complaint.

## DISPOSITION

The order imposing terminating sanctions and dismissing Patton's claims against Martins is reversed. With respect to Patton's prior conduct, on remand, the trial court, if it finds that Patton's failure appear for the IME's was willful, may impose sanctions, short of dismissal, which are related to and proportional to any prejudice suffered by Martins.

Costs on appeal are awarded to Patton.

BENKE, Acting P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.

9